■ BOARD OF MANAGERS OF OAKS AT LA TOURETTE II, Respondent, v MANAGEMENT CONSULTANTS INTERNATIONAL, INC., et al., Appellants.—In an action, *inter alia,* for replevin and an accounting, the defendants appeal from (1) an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated September 25, 1989, which, upon granting renewal and reargument of a memorandum decision dated June 8, 1989, adhered to its prior determination that the defendants had failed to establish that the defendant Management Consultants International, Inc., was a licensed real estate broker, and (2) an order of the same court dated September 26, 1989, which, *inter alia,* granted the plaintiff's motion for summary judgment, ordered the defendants to return to the plaintiff its books, records, funds on deposit, etc., relevant to the management of the plaintiff's condominium complex and referred the matter to a Judicial Hearing Officer to hear and report for the purposes of an accounting to determine the amount owed to the plaintiff.

Ordered that the appeal from the order dated September 25, 1989, is dismissed, as no appeal lies from an order made upon reargument or renewal of a decision *(see, Stockfield v Stockfield,* 131 AD2d 834); and it is further,

Ordered that the appeal from so much of the order dated September 26, 1989, as referred the matter to a Judicial Hearing Officer to hear and report for the purposes of an accounting to determine the amount owed to the plaintiff is dismissed; and it is further,

Ordered that the order dated September 26, 1989, is reversed insofar as reviewed, on the law, and the plaintiff's motion for summary judgment is denied; and it is further,

Ordered that the appellant is awarded one bill of costs.

That part of the order dated September 26, 1989, which referred the matter to a Judicial Hearing Officer to hear and report does not decide the motion and does not affect a substantial right *(see,* CPLR 5701 [a] [2] [v]) and is, therefore,

not appealable as of right. Therefore, the appeal from that part of the order dated September 26, 1989, is dismissed.

We agree with the defendants' contention that the plaintiff has failed to establish its entitlement to judgment as a matter of law. The evidence adduced by the defendants in opposition to the plaintiff's motion raises an issue of fact as to whether the defendants were duly licensed real estate brokers at the time they entered into the management contract with the plaintiff. Accordingly, it was error for the court to hold, as a matter of law, that the defendants were not licensed and that the underlying condominium management contract was therefore unenforceable. Kooper, J. P., Sullivan, Miller and O'Brien, JJ., concur.