(July 22, 2004)

■ Janet Wiebusch, Respondent, v Bethany Memorial Reform Church, Defendant, and Marble Collegiate Church, Appellant. [781 NYS2d 6]—

Order, Supreme Court, New York County (Diane A. Lebedeff, J.), entered on or about September 17, 2003, which denied defendant-appellant's motion to dismiss the complaint as against it for lack of jurisdiction, unanimously affirmed, without costs.

The motion, which sought dismissal of the complaint as against appellant on the ground that the summons was delivered to a person who was not authorized to accept it on appellant's behalf, was denied on the ground that appellant waived the defense of lack of jurisdiction by not pleading it in its answer. This was a simple oversight; in point of fact, appellant's answer did plead lack of jurisdiction based on improper service. Nevertheless, we affirm, because appellant did not make the motion within 60 days after serving its answer (CPLR 3211 [e]; *see Worldcom, Inc. v Dialing Loving Care*, 269 AD2d 159 [2000]). The obvious purpose of this 60-day time limit is to promote early resolution of jurisdictional defenses based on improper service by requiring the party who raises such a defense to move on it promptly, "unless the court extends the time upon the ground of undue hardship." (CPLR 3211 [e].) Given this strict standard, the burden should be on the defendant to seek an extension of time to move for dismissal, not on the plaintiff to seek dismissal of a stale defense or to raise the 60-day limit in opposition to a motion to dismiss made at any time during the pendency of the action. Accordingly, we invoke the 60-day time limit even though it was never raised by plaintiff. In view of the foregoing, we do not reach the issue of whether service was proper (*see W.M.S. Bldrs. v Newburgh Steel Prods.*, 289 AD2d 567 [2001], *lv denied* 98 NY2d 603 [2002]). Concur—Tom, J.P., Saxe, Lerner, Marlow and Gonzalez, JJ.