■ URI TORNHEIM, Appellant, v DOREEN TORNHEIM, Respondent. [816 NYS2d 87]—In a matrimonial action in which the parties were divorced by judgment dated November 20, 2001, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Yancey, J.), dated May 20, 2004, which, inter alia, appointed a Law Guardian for the parties' child, (2) an order of

the same court dated July 12, 2004, which denied his motion for recusal, and (3) an order of the same court dated July 29, 2004, which, in effect, appointed a Judicial Hearing Officer to hear and report on the defendant's motion for permission to relocate with the parties' child to the State of Florida.

Ordered that the appeal from the order dated July 29, 2004, is dismissed; and it is further,

Ordered that on the Court's own motion, the notice of appeal from the order dated May 20, 2004 is treated as an application for leave to appeal and leave to appeal is granted; and it is further,

Ordered that the orders dated May 20, 2004 and July 12, 2004 are affirmed; and it is further;

Ordered that one bill of costs is awarded to the defendant.

The appeal from the order dated July 29, 2004 must be dismissed as the order is not appealable as of right (*see* CPLR 5701 [a] [2] [v]; *Board of Mgrs. of Oaks At La Tourette II v Management Consultants Intl.,* 170 AD2d 636, 636-637 [1991]) and was superseded by an order of the same court, dated January 21, 2005, granting a motion to confirm the referee's report recommending the granting of the defendant's motion for permission to relocate with the parties' child to the State of Florida (*see Tornheim v Tornheim,* 28 AD3d 535 [2006] [decided herewith]).

Absent a legal disqualification under Judiciary Law § 14, a court is the sole arbiter of its recusal (*see People v Moreno,* 70 NY2d 403, 405 [1987]). Here, on his motion for recusal, the plaintiff failed to set forth any proof of the Supreme Court's bias or prejudice. Under these circumstances, the Supreme Court providently exercised its discretion in denying that motion (*see People ex rel. Smulczeski v Smulczeski,* 18 AD3d 785, 786 [2005]; *Modica v Modica,* 15 AD3d 635, 636 [2005]; *Colella v Colella,* 11 AD3d 576 [2004]).

The plaintiff's remaining contentions are without merit. Crane, J.P., Krausman, Skelos and Lifson, JJ., concur.