■ IRA WEITZBERG et al., Appellants, v NASSAU COUNTY DEPARTMENT OF RECREATION AND PARKS et al., Respondents. [815 NYS2d 466]—

In an action, inter alia, for reinstatement and back pay, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Bucaria, J.), entered January 29, 2004, which denied their second motion for leave to renew a prior motion for class action status.

Ordered that the appeals by the plaintiffs Ira Weitzenberg, Carol Gartner, Steve Pilla, Marilyn Gressler, Ethel Zamurut, George Pinola, Maebell Mickens, and Cynthia Brown are deemed withdrawn, pursuant to a stipulation of settlement dated April 18, 2005; and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiff Roberta Miller; and it is further,

Ordered that one bill of costs is awarded to the respondents.

In 1998 this Court, inter alia, affirmed so much of an order as denied the plaintiffs' first motion for class action status on the ground that their "conclusory allegations were insufficient to establish that the statutory prerequisites for class certification had been met" (*Weitzenberg v Nassau County Dept. of Recreation & Parks,* 249 AD2d 538, 539 [1998]). In an effort to obtain evidence to prove those allegations, the plaintiffs served their first notice of discovery and inspection in February 1999. After a long delay and extensive motion practice, the defendants partially complied with the discovery demand by providing some of the requested documents.

Despite the fact that the plaintiff Roberta Miller had obtained some documents from the defendants and could have gathered information from other sources during the past decade, she failed to offer any additional material facts that would warrant the renewal of the class certification issue (*see* CPLR 2221 [e]; *Foley v Roche,* 68 AD2d 558, 568 [1979]). The general and conclusory allegations in the affirmation of Miller's attorney and the exhibits attached thereto were not sufficient to establish that she met the statutory requirements for a class action (*see Rallis v City of New York,* 3 AD3d 525, 526 [2004]; *Chimenti v American Express Co.,* 97 AD2d 351, 352 [1983]; *Dupack v Nationwide Leisure Corp.,* 70 AD2d 568, 569 [1979]).

Accordingly, the Supreme Court providently exercised its discretion in denying the second motion insofar as asserted by Miller for leave to renew the underlying motion for class action status. Ritter, J.P., Krausman, Goldstein and Lifson, JJ., concur.