In the Matter of ERICH MATTICE, Respondent, v LAURA KREIDER, Appellant. [838 NYS2d 232]—

Crew III, J.P. Appeal from a modified order of the Family Court of St. Lawrence County (Potter, J.), entered March 2, 2005, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.

The parties are the biological parents of a daughter (born in 1995). By order entered September 25, 2002, respondent was awarded custody of the child and petitioner was granted "such visitation as may be ordered" by Family Court pending a therapeutic evaluation of the child and petitioner's compliance with any recommendations made by the evaluator. Citing a lack of progress toward fostering a healthy parent-child relationship, petitioner commenced this proceeding in October 2003 essentially seeking to enforce his previously granted visitation rights. Eventually, a Judicial Hearing Officer (hereinafter JHO) was assigned to preside over the ensuing hearing and report. That report ultimately concluded, among other things, that while forced visitation between petitioner and his daughter would be counterproductive at that time, an eventual reunification with petitioner would be in the child's best interest. To that end, the JHO recommended a series of interim orders to facilitate the requested therapy, evaluate the progress made and, in essence, set up a process designed to foster a positive

and meaningful relationship between petitioner and his child. Thereafter, by modified order entered March 2, 2005, Family Court, among other things, confirmed the JHO's report, ordered that the child undergo therapy, granted petitioner "such visitation as may be subsequently ordered by the [c]ourt" and scheduled a compliance conference for June 2005. Petitioner failed to appear for the scheduled conference and, it would appear, subsequently enlisted in military service and relocated from this state. This appeal by respondent ensued.

We affirm. The various arguments raised by respondent do not warrant extended discussion. As a starting point, respondent's assertion that Family Court erred in appointing the JHO over her objection is not properly before this Court, as an order appointing a JHO to hear and report is not appealable as of right (see CPLR 5701 [a] [2] [v]; *Tornheim v Tornheim*, 28 AD3d 534 [2006]; *1074372 Ontario, Inc. v 200 Corbin Owners Corp.*, 13 AD3d 502 [2004]), and we decline to grant leave in this regard.

Turning to the merits, it is readily apparent that respondent does not believe that the child should have any sort of relationship with petitioner and would very much like this Court to forever foreclose the possibility of future visitations between petitioner and the child. As we do not believe the record before us warrants such a result, we decline respondent's invitation in this regard.

Moreover, we are hard pressed to determine at this juncture the precise manner in which respondent has been prejudiced by Family Court's order. Simply put, Family Court's order does nothing more than establish a mechanism via which petitioner, should he comply with the provisions thereof and in the event the court-appointed therapist issues a positive recommendation, potentially could engage in future, unspecified and entirely discretionary visitations with his daughter. Petitioner, however, apparently has entered military service, relocated from this state and is not actively pursuing his visitation rights at this time. As such, not only are no visitations occurring at this time but, quite clearly, no visitations could occur until petitioner returns to this state and either complies with the terms of Family Court's order or commences a new proceeding seeking visitation with his child. Under such circumstances, we discern no basis for setting aside Family Court's order. Respondent's remaining contentions, including her assertion that she was denied the effective assistance of counsel, have been examined and found to be lacking in merit.

Spain, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the modified order is affirmed, without costs.