◼ BANK OF NEW YORK, Respondent, v MARGARITA SEGUI, Appellant, et al., Defendants. CHAIM STREICHER, Nonparty Respondent. [890 NYS2d 830]—

The Supreme Court properly denied the motion of the defendant Margarita Segui, inter alia, for leave to renew her prior motion pursuant to CPLR 5015 (a) (1) to vacate the judgment of foreclosure and sale. As the Supreme Court correctly found, none of the new facts relied upon by Segui was sufficient to change the original determination (*see* CPLR 2221 [e]; *Weitzenberg v Nassau County Dept. of Recreation & Parks,* 53 AD3d 653 [2008]; *Crystal House Manor, Inc. v Totura,* 29 AD3d 933 [2006]). The affidavit of service of the process server, submitted in opposition to Segui's prior motion, constitutes prima facie evidence that Segui was validly served pursuant to CPLR 308 (2) (*see Cavalry Portfolio Servs., LLC v Reisman,* 55 AD3d 524 [2008]; *Jefferson v Netusil,* 44 AD3d 621 [2007]), and the new facts relied upon by Segui, specifically, those set forth in the affidavit of her husband, failed to raise an issue of fact requiring a hearing since her husband did not substantiate his claim that he was at work at the time the process server averred that he accepted process on Segui's behalf (*see Town House St., LLC v New Fellowship Full Gospel Baptist Church, Inc.,* 29 AD3d 893, 894[2006]; *General Motors Acceptance Corp. v Grade A Auto Body, Inc.,* 21 AD3d 447 [2005]; *Carrenard v Mass,* 11 AD3d 501 [2004]). Accordingly, the affidavit of Segui's husband did not provide a proper basis for renewal (*see Weitzenberg v Nassau County Dept. of Recreation & Parks,* 53 AD3d at 653; *Duffy v Kokolakis Contr.,* 278 AD2d 445 [2000]; *Natale v Samel & Assoc.,* 264 AD2d 384 [1999]).

The remaining new facts relied upon by Segui are unsupported and conclusory and, thus, insufficient to constitute grounds for renewal (*see Worthy v Good Samaritan Hosp. Med. Ctr.,* 50 AD3d 1023, 1024 [2008]; *Weitzenberg v Nassau County Dept. of Recreation & Parks,* 29 AD3d 682 [2006]; *P&N Tiffany Props., Inc. v Maron,* 16 AD3d 395 [2005]).

Cross motion by the plaintiff-respondent to dismiss an appeal from an order of the Supreme Court, Kings County, dated December 19, 2007, on the ground that the appellant's motion, inter alia, for leave to renew her prior motion pursuant to CPLR 5015 (a) (1) to vacate a judgment of foreclosure and sale of the same court entered July 12, 2004, upon her default in appearing or answering, which had been denied in an order dated March 22, 2006, was, in actuality, one for leave to reargue her prior motion, the denial of which is not appealable. By decision and order on motion of this Court dated May 21, 2008 [2008 NY Slip Op 72563(U)], inter alia, the cross motion was referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the cross motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the cross motion is denied. Rivera, J.P., Dillon, Belen and Hall, JJ., concur.