■ NYRU, INC., Appellant-Respondent, v FORGE RESTAURANT, LLC, Respondent-Appellant. [938 NYS2d 306]—

Defendant waived the defense of lack of personal jurisdiction by failing to plead it in its answer and by failing to move to dismiss the complaint on that ground within 60 days after serving its answer (*see* CPLR 3211 [a] [8]; [e]; *Wiebusch v Bethany Mem. Reform Church*, 9 AD3d 315 [2004]). The motion court properly granted plaintiff leave to amend the complaint to correct defendant's name, since process was served on an employee of defendant, defendant participated in discovery, and no prejudice to defendant from the amendment was demonstrated (*see* CPLR 305 [c]; *Rivera v Beer Garden, Inc.*, 51 AD3d 479 [2008]; *Rodriguez v Dixie N.Y.C., Inc.*, 26 AD3d 199 [2006]).

Written correspondence between the parties (signed by the party to be charged), payments made by defendant that are difficult to explain except by reference to the terms of the disputed

consulting agreement, and defendant's ledgers showing monthly payments made, present issues of fact whether the parties entered into a consulting agreement (*see Brown Bros. Elec. Contrs. v Beam Constr. Corp.*, 41 NY2d 397 [1977]) and whether the agreement was removed from the operation of the statute of frauds (*see* General Obligations Law § 5-701 [a] [1]; § 5-703 [2]; *Crabtree v Elizabeth Arden Sales Corp.*, 305 NY 48, 55 [1953]; *Steele v Delverde S.R.L.*, 242 AD2d 414, 414 [1997]).

We have considered the parties' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Moskowitz, Freedman and Manzanet-Daniels, JJ. **[Prior Case History: 2011 NY Slip Op 30994(U).]**