■ BANK OF NEW YORK, Respondent, v MARGARITA SEGUI, Appellant, et al., Defendants. [993 NYS2d 330]—

In an action to foreclose a mortgage, the defendant Margarita Segui appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated January 24, 2012, as referred the matter to a Judicial Hearing Officer for a hearing to determine the validity of service of process, (2) from an order of the same court dated July 19, 2012, which granted the plaintiff's motion (a) to confirm the Judicial Hearing Officer's recommendation, in effect, that service was valid, and (b) to thereupon deny her motion to vacate her default in answering or appearing in the action on the ground that she failed to appear at the hearing to determine the validity of service of process, and denied her cross motion to vacate her default in appearing at that hearing, (3) from an order of the same court dated January 22, 2013, which denied her motion, denominated as one for leave to renew, but which was, in actuality, one for leave to reargue her cross motion to vacate her default in appearing at the hearing to determine the validity of service of process, and (4), as limited by her brief, from so much of an order of the same court dated March 22, 2013, as denied that branch of her prior motion which was to vacate the

judgment of foreclosure and sale of the same court entered July 12, 2004, upon her failure to answer or appear.

Ordered that the appeals from the orders dated January 24, 2012, and January 22, 2013, are dismissed; and it is further,

Ordered that the order dated July 19, 2012, is reversed, on the law and in the exercise of discretion, the plaintiff's motion (a) to confirm the recommendation of the Judicial Hearing Officer, in effect, that service was valid, and (b) to thereupon deny the appellant's motion to vacate her default in answering or appearing in the action on the ground that she failed to appear at the hearing to determine the validity of service of process is denied, the appellant's cross motion to vacate her default in appearing at that hearing is granted, and the matter is remitted to the Supreme Court, Kings County, for a hearing to determine the validity of service of process; and it is further,

Ordered that the order dated March 22, 2013, is reversed insofar as appealed from, on the law and in the exercise of discretion, and the matter is remitted for a new determination of that branch of the appellant's motion which was to vacate the judgment of foreclosure and sale entered July 12, 2004, following the hearing to determine the validity of service of process; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The appeal from so much of the order dated January 24, 2012, as referred the matter to a Judicial Hearing Officer (hereinafter JHO) for a hearing to determine the validity of service of process must be dismissed. The challenged portion of the order merely directs a judicial hearing to aid in the disposition of a motion and does not affect a substantial right. Therefore, it is not appealable as of right (*see* CPLR 5701 [a] [2] [v]; *Youngquist v Youngquist*, 44 AD3d 1034, 1035 [2007]; *Leonard v Bishop*, 220 AD2d 723 [1995]; *Board of Mgrs. of Oaks At La Tourette II v Management Consultants Intl.*, 170 AD2d 636 [1991]), and leave to appeal has not been granted.

The appeal from the order dated January 22, 2013, must also be dismissed. The underlying motion, although denominated as one for leave to renew, was, in actuality, one for leave to reargue, the denial of which is not appealable (*see* CPLR 2221 [d] [2]; [e] [2]; *Poulard v Judkins*, 102 AD3d 665 [2013]; *Strunk v Revenge Cab Corp.*, 98 AD3d 1030 [2012]).

This action was commenced in 2003 to foreclose a mortgage encumbering the residential Brooklyn property of the defendant Margarita Segui. It has an extensive litigation history that includes three prior appeals to this Court (*see Bank of N.Y. v*

*Segui*, 91 AD3d 689 [2012]; *Bank of N.Y. v Segui*, 68 AD3d 908 [2009]; *Bank of N.Y. v Segui*, 42 AD3d 555 [2007]). Presently, Segui appeals, in whole or in part, from four separate orders of the Supreme Court that arise from her ongoing efforts to vacate a judgment of foreclosure and sale entered July 12, 2004, upon her failure to answer or appear (*see* CPLR 5015 [a]). Throughout the course of the litigation, Segui has maintained, as she does on this appeal, that service of the pleadings was not valid.

On January 24, 2012, the Supreme Court referred the matter to a Judicial Hearing Officer (hereinafter JHO) for a hearing to determine the issue of whether Segui was properly served with the pleadings. At that time, the Supreme Court made several significant findings. The Supreme Court correctly found that, after several years of litigation, Segui had offered evidence sufficient to substantiate her claim that she was not properly served with the pleadings. In this regard, one of the several affidavits of service indicates that service of the pleadings was made upon Segui through her husband, "Hector Villafame," by personal delivery at the subject premises, on December 23, 2003, at 4:45 p.m. The actual spelling of her husband's last name is "Villafane." To rebut this affidavit of service, Segui offered an affidavit from her husband, in which he averred that he was at work, not at the premises, when the pleadings were allegedly served. To substantiate her husband's statement, Segui offered a time sheet from her husband's job at the New York City Department of Correction which showed that, on the date of the alleged substituted service, he signed in to work at 11:45 a.m. and signed out at 8:15 p.m. and, thus, he was not at the premises at the time he allegedly accepted the pleadings.

Additionally, the Supreme Court correctly found that Segui effectively raised doubts about other affidavits of service submitted by the process server. One of these affidavits states that, on December 23, 2003, service of the pleadings was made on Segui's cotenant "Hector Villafame [sic]." According to Segui, that name could refer either to Segui's husband (Hector Villafane, Jr.), or her father-in-law, Hector Villafane, Sr. Another affidavit states that, on the same date, personal service was made upon codefendant "Hector Villafame Sr." Segui submitted evidence that although her father-in-law, Hector Villafane, Sr., had previously resided at the subject premises, he resided in Puerto Rico on the alleged date of service.

For those reasons, among others, the Supreme Court found that "equity would be best served" if it were to revisit that branch of Segui's prior motion which was pursuant to CPLR 5015 (a) (4) to vacate the judgment of foreclosure and sale

entered upon her failure to answer or appear (*Bank of N.Y. v Segui*, 2012 WL 10441476, *3 [Sup Ct, Kings County, Jan. 24, 2012]). The Supreme Court referred the matter to the JHO to hear and to report as to whether Segui was properly served with the pleadings, to aid in its determination of, among other things, that branch of Segui's motion which was to vacate the judgment of foreclosure and sale.

The hearing was subsequently scheduled for March 16, 2012. On that date, the plaintiff's counsel and the process server appeared at the hearing, but neither Segui nor her counsel appeared. The JHO adjourned the matter for one month. On April 17, 2012, the plaintiff's counsel and the process server appeared for the hearing but, once again, Segui and her counsel failed to appear. The JHO recommended, in effect, that service was valid because Segui "twice defaulted in appearing" at the hearing.

Less than one month later, in a letter dated May 9, 2012, Segui's counsel asked the Supreme Court for a status update as to the hearing. That same day, May 9, 2012, the plaintiff moved to confirm the JHO's recommendation, and to thereupon deny Segui's motion to vacate her default in answering or appearing in the action on the ground that Segui failed to appear at the hearing. In support of its motion, the plaintiff noted that it received notice of the first hearing to determine the validity of service of process. With respect to the adjourned hearing date, the plaintiff asserted that notice was given on the eCourts case tracking system and that it received notice via that method. It further maintained that Segui's counsel should have utilized that system to monitor its cases and that, therefore, her excuse for failing to appear should be rejected. On appeal, the plaintiff reiterates that it received notice of the adjourned hearing date via eCourts, but acknowledges that the record contains no documentary proof of this notice.

Five days later, on May 14, 2012, Segui cross-moved, inter alia, to vacate her default in appearing at the hearing on the ground that she did not receive notice of either of the hearing dates and, thus, she had a reasonable excuse for her failure to appear at the hearing.

After reviewing the motion papers and hearing the parties' arguments in open court, the Supreme Court explained, "In light of the long and torturous [sic] history in regards to this matter and the numerous dates over the course of time that have apparently not reached defense counsel appropriately, and the defaults that had been vacated in this case continuously—or several times at least—I have a problem with vacating another default in this [action], which does nothing more than just to, it

seems to me, forestall the inevitable." The court further noted, "What's been allegedly served by the J.H.O. is, under the law, presumed to have been received. And I have really not heard anything that is substantial enough." Accordingly, the court granted the plaintiff's motion to confirm the JHO's recommendation based on Segui's failure to appear at the hearing, and denied Segui's cross motion to vacate that default. The Supreme Court did not make any additional findings as to the reasonableness of Segui's excuse for her failure to appear at the hearing.

The Supreme Court then denied that branch of Segui's pending motion which was to vacate the judgment of foreclosure and sale entered upon her failure to answer or appear, which had been held in abeyance by the January 24, 2012, order.

Contrary to the Supreme Court's determination, under the circumstances present here, we find that Segui provided a reasonable excuse for her failure to appear at the hearing (see *Matter of Peterson v Eagan*, 108 AD3d 772 [2013]; *Matter of Allstate Ins. Co. v Hayes*, 17 AD3d 669, 671 [2005]). Segui's counsel offered a detailed, substantiated, and credible explanation that she never received notice of either of the hearing dates (cf. *Matter of Government Empls. Ins. Co. v Dae-Hee Lee*, 78 AD3d 944, 945 [2010]). It is undisputed that the order referring the matter for the hearing did not set the date and time for the hearing, and that neither Segui nor the buyer at the foreclosure sale appeared for the hearing. Further, the record is devoid of any proof that a written notice, other than an electronic posting via eCourts, was sent to any of the parties (cf. *Matter of Fotiades*, 38 AD3d 892, 892 [2007] [the appellant's "assertions that she did not receive notice of the hearing and that the hearing did not even take place are clearly refuted by the evidence"]; *Matter of Aetna Life & Cas. Co. v Walker*, 255 AD2d 381, 382 [1998] ["unsubstantiated excuse by the appellant's attorney that his office was unaware of the hearing date was insufficient to rebut the proof that the notice was properly mailed and the presumption of receipt"]).

We further note that Segui moved to vacate her default less than one month after she failed to appear on the second hearing date, and only five days after the date that she first learned of her alleged default (cf. *Matter of Aetna Life & Cas. Co. v Walker*, 255 AD2d 381 [1998]). Under these circumstances, where Segui moved expeditiously to vacate her alleged default, we find that the plaintiff suffered little or no prejudice.

Moreover, there was no new evidence to call into doubt the Supreme Court's finding in its earlier order dated January 24,

2010, that Segui had demonstrated the existence of a potentially meritorious defense to the action, based on the plaintiff's alleged failure to properly serve the pleadings upon her (*see Kohn v Kohn*, 86 AD3d 630 [2011]).

Because Segui demonstrated, under the circumstances presented here, a reasonable excuse for her failure to appear at the hearing and a potentially meritorious defense, the Supreme Court improvidently exercised its discretion in granting the plaintiff's motion to confirm the JHO's recommendation and to thereupon deny Segui's motion to vacate her default in answering or appearing in the action, and in denying Segui's cross motion to vacate her default in appearing at the hearing. Furthermore, following the hearing to determine the validity of service of process, Segui is entitled to a determination of that branch of her motion which was to vacate the judgment of foreclosure and sale of the same court entered July 12, 2004, upon her failure to answer or appear.

Segui's remaining contentions are without merit. Skelos, J.P., Chambers, Duffy and LaSalle, JJ., concur.