█ In the Matter of JOHN K. RENKE II, Respondent, v JOYCE A. KWIECINSKI, Also Known as JOYCE KWIECINSKI, Appellant, et al., Respondents. [6 NYS3d 265]—

In a proceeding pursuant to CPLR 5206 (e) to compel the sale of a homestead to satisfy three money judgments, Joyce A. Kwiecinski, also known as Joyce Kwiecinski, appeals from an order of the Supreme Court, Nassau County (Sher, J.), dated May 14, 2013, which denied her motion for leave to renew or reargue (a) her opposition to the petition, which had been granted in an order of the same court dated March 4, 2010, and (b) her prior motion to vacate the order dated March 4, 2010, which had been denied in an order of the same court dated June 22, 2010.

Ordered that the appeal from so much of the order dated May 14, 2013, as denied that branch of the motion of Joyce A. Kwiecinski, also known as Joyce Kwiecinski, which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated May 14, 2013, is modified, on the law, by deleting the provision thereof denying that branch of the motion of Joyce A. Kwiecinski, also known as Joyce Kwiecinski, which was for leave to renew her opposition to so much of the petition as sought to apply a $50,000 homestead exemption to the sale of the property under CPLR 5206 (a), and substituting therefor a provision granting that branch of the motion, and, upon renewal, vacating so much of the order dated March 4, 2010, as directed the $50,000 homestead exemption to apply to the sale of the property, and thereupon directing a $150,000 homestead exemption to apply to the sale of the property; as so modified, the order dated May 14, 2013, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

The denial of a motion for leave to reargue is not appealable (*see Bank of N.Y. v Segui*, 120 AD3d 1369, 1370 [2014]) and, therefore, the appeal by Joyce A. Kwiecinski, also known as Joyce Kwiecinski (hereinafter Kwiecinski), from so much of the order dated May 14, 2013, as denied that branch of her motion which was for leave to reargue must be dismissed.

With respect to that branch of the motion which was for leave to renew, Kwiecinski demonstrated that there was an amendment to CPLR 5206 (a) which would change the prior determination, by raising her entitlement to a homestead exemption from $50,000 to $150,000. As such, leave to renew should have been granted, and the order dated March 4, 2010, should have been modified accordingly.

Kwiecinski failed, however, to demonstrate that the other grounds she proffered in support of her motion for leave to renew would have changed the prior determination (*see* CPLR 2221 [e] [2]). Mastro, J.P., Chambers, Austin and Miller, JJ., concur.