Renke v Kwiecinski (2015 NY Slip Op 02466)





Renke v Kwiecinski


2015 NY Slip Op 02466


Decided on March 25, 2015


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2015
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
ROBERT J. MILLER, JJ.


2013-06619
 (Index No. 17506/08)

[*1]John K. Renke II, respondent, 
v
Joyce Kwiecinski, appellant.


Joyce Kwiecinski, Long Beach, N.Y., appellant pro se.
DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, White Plains, N.Y. (Michael Schwarz and Frank Haupel of counsel), for respondent.



DECISION & ORDER
In an action to enforce a foreign judgment, the defendant appeals from an order of the Supreme Court, Nassau County (Adams, J.), dated May 2, 2013, which denied her motion for leave to renew and reargue, among other things, her prior motion to vacate the foreign judgment, which had been denied in an order of the same court dated March 23, 2009.
ORDERED that the appeal from so much of the order dated May 2, 2013, as denied that branch of the defendant's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated May 2, 2013, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The denial of a motion for leave to reargue is not appealable (see Bank of N.Y. v Segui, 120 AD3d 1369, 1370) and, therefore, the defendant's appeal from so much of the order as denied that branch of her motion which was for leave to reargue must be dismissed.
That branch of the motion which was for leave to renew was properly denied as, to the extent it was based upon new facts not offered on the prior motion, there was no reasonable justification offered for the failure to present such facts on the prior motion, and, in any event, none of the new facts offered would change the prior determination (see CPLR 2221[e]).
MASTRO, J.P., CHAMBERS, AUSTIN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court