U.S. Bank N.A. v Roque (2019 NY Slip Op 03648)





U.S. Bank N.A. v Roque


2019 NY Slip Op 03648


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-03894
2017-03895
 (Index No. 3548/09)

[*1]U.S. Bank National Association, etc., appellant,
v
Pedro Roque, respondent, et al., defendants.


Parker Ibrahim & Berg LLC, New York, NY (Ben Z. Raindorf, Scott W. Parker, and Kristin M. Mykulak of counsel), for appellant.
Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated April 11, 2016, and (2) an order of the same court (Lawrence Knipel, J.) dated January 9, 2017. The order dated April 11, 2016, referred the matter to a Judicial Hearing Officer for a hearing to determine the validity of service of process upon the defendant Pedro Roque. The order dated January 9, 2017, insofar as appealed from, after the hearing, granted the cross motion of the defendant Pedro Roque for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the appeal from the order dated April 11, 2016, is dismissed; and it is further,
ORDERED that the order dated January 9, 2017, is reversed insofar as appealed from, on the law, and the cross motion of the defendant Pedro Roque for summary judgement dismissing the complaint insofar as asserted against him is denied; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The defendant Pedro Roque (hereinafter the defendant) allegedly executed a note that was secured by a mortgage on certain residential property located in Brooklyn (hereinafter the subject premises). In October 2008, the defendant allegedly defaulted on the note and mortgage. Thereafter, the plaintiff commenced this action to foreclose the mortgage against, among others, the defendant. In his answer, dated July 9, 2009, the defendant asserted, inter alia, the affirmative defense of lack of personal jurisdiction based upon improper service of process. The defendant claimed that his actual residence and dwelling place was the subject premises, not his mother-in-law's home, where the plaintiff allegedly effectuated substituted service.
On February 20, 2015, the plaintiff moved, among other things, for summary judgment on the complaint. On April 23, 2015, the defendant cross-moved for summary judgment dismissing the complaint insofar as asserted against him on the ground of improper service. In an [*2]order dated April 11, 2016 (hereinafter the April 2016 order), the Supreme Court referred the matter to a Judicial Hearing Officer for a hearing to determine the validity of service of process upon the defendant. After the hearing, the Judicial Hearing Officer determined that the defendant had not been properly served. Subsequently, in an order dated January 9, 2017 (hereinafter the January 2017 order), the court denied the plaintiff's motion, and granted the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him. The plaintiff appeals from the April 2016 order and so much of the January 2017 order as granted the defendant's cross motion.
The appeal from the April 2016 order, which referred the matter to a Judicial Hearing Officer for a hearing to determine the validity of service of process, must be dismissed. The April 2016 order merely directed a judicial hearing to aid in the disposition of a motion and does not affect a substantial right (see CPLR 5701[a][2][v]; Bank of N.Y. v Segui, 120 AD3d 1369, 1370; CLE Assoc., Inc. v Greene, 43 AD3d 382, 384; Dudley v Ford Credit Titling Trust, 307 AD2d 911, 911; Singh v Kalish, 153 AD2d 621, 624). Therefore, it is not appealable as of right, and leave to appeal has not been granted (see Bank of N.Y. v Segui, 120 AD3d at 1370).
 "[A]n objection that the summons and complaint . . . was not properly served is waived if, having raised such an objection in a pleading, the objecting party does not move for judgment on that ground within sixty days after serving the pleading, unless the court extends the time upon the ground of undue hardship'" (Deutsche Bank Natl. Trust Co. v Acevedo, 157 AD3d 859, 861, quoting CPLR 3211[e]). Here, the defendant waived his defense of lack of personal jurisdiction on the basis of improper service of process, as he failed to move for judgment on that ground within 60 days after serving his answer (see CPLR 3211[e]; Deutsche Bank Natl. Trust Co. v Acevedo, 157 AD3d at 861; Qing Dong v Chen Mao Kao, 115 AD3d 839, 840; Wiebusch v Bethany Mem. Reform Church, 9 AD3d 315, 315; Amerasia Bank v Saiko Enters., Inc., 263 AD2d 519, 520; Alaska Seabord Partners v Anninos, 259 AD2d 572, 572-573).
Contrary to the defendant's contention, the requirement in CPLR 3211(e) that a party move for judgment upon the ground of improper service within 60 days after service of the responsive pleading is not limited to motions made pursuant to CPLR 3211 and applies with equal force to motions made pursuant to CPLR 3212 (see CPLR 3211[e]; 3212; Alaska Seabord Partners v Anninos, 259 AD2d at 572-573; see also Qing Dong v Chen Mao Kao, 115 AD3d at 840; Wiebusch v Bethany Mem. Reform Church, 9 AD3d at 315; John R. Higgitt, Practice Commentaries, McKinney's Cons Laws of NY, CPLR C3211:55). The purpose of the 1996 amendment to CPLR 3211(e), which added the 60-day time limit, was " to require a party with a genuine objection to service to deal with the issue promptly and at the outset of the action . . . ferret out unjustified objections and . . . provide for the prompt resolution of those that have merit'" (Wade v Byung Yang Kim, 250 AD2d 323, 325, quoting Senate Mem in Support, L 1996, ch 501 at 3; accord Wiebusch v Bethany Mem. Reform Church, 9 AD3d at 315).
Where a party objecting to service elects not to move to dismiss but to interpose a pleading containing that objection, CPLR 3211(e) requires that a motion for summary judgment on that ground be made within the 60-day time limit provided by that statute. That the temporal restriction on such motions for judgment was placed by the Legislature in CPLR 3211, which deals with motions to dismiss, rather than in CPLR 3212, which governs summary judgment motions, is of no moment. The guiding consideration is the clear legislative intent that service objections be dealt with "promptly" (Senate Mem in Support, L 1996, ch 501 at 3). CPLR 3211(e) expressly requires that a motion "for judgment" be made within 60 days after service of the responsive pleading. A motion pursuant to CPLR 3212 is such a motion and is made after issue is joined by the service of an answer.
Accordingly, the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him should have been denied.
SCHEINKMAN, P.J., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court