**Unimac Graphics, LLC v New U.S. Nonwovens, LLC**

2025 NY Slip Op 31910(U)

May 29, 2025

Supreme Court, Kings County

Docket Number: Index No. 509309/2022

Judge: Reginald A. Boddie

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Commercial Part 12 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, located at 360 Adams Street, Borough of Brooklyn, City and State of New York on the 29th day of May 2025.

PRESENT:
Honorable Reginald A. Boddie
Justice, Supreme Court

-------------------------------------------------------------------x

UNIMAC GRAPHICS, LLC,

     Plaintiff,

   -against-

NEW U.S. NONWOVENS, LLC, Successor by merger to U.S. Nonwovens Corp., and OLD WILLIAMSBURGH CORP., assumer of liabilities of New U.S. Nonwovens, LLC,

     Defendants.

-------------------------------------------------------------------x

Index No. 509309/2022

Cal. No. 20-21  MS 3-4

**Decision and Order**

| The following e-filed papers read herein: | NYSCEF Doc Nos. |
| --- | --- |
| MS 3 | 98-105; 118 |
| MS 4 | 108-116; 119-120 |

Defendants' motion to vacate the referee's order dated April 3, 2025, and plaintiff's cross-motion to confirm the referee's order and direct entry of judgment are decided as follows:

<u>**Background**</u>

This action arises out of defendants' alleged failure to pay for shipped and unshipped packaging goods produced based on forecasted orders. In the Decision & Order dated March 28, 2024, the Court granted summary judgment to plaintiff for $124,348.75 in shipped inventory and referred the matter to a special referee to compute the amount owed for unshipped inventory.

1

[* 1]

On February 26, 2025, a court notice was posted on NYSCEF, scheduling the hearing for March 6, 2025. The hearing was then adjourned to April 3, 2025. After defendants failed to appear on April 3, 2025, the Hon. Michael Gerstein held an inquest and ruled that, "[a]fter testimony at inquest, plaintiff is entitled to judgment against defendant Old Williamsburgh Corp., in the amount of $639,847.55, together with interest from March 4, 2020, and costs [and] disbursements."

Defendants move pursuant to CPLR 5015(a) to vacate the April 3, 2025, Decision and Order by the Hon. Michael Gerstein (the "JHO Order") and request that a new hearing on damages be held with both parties present. Defendants argue that the inquest was conducted without proper notice to them or their counsel, depriving them of due process and their right to appear, present evidence, and cross-examine witnesses. Defendants assert that the hearing was adjourned without their knowledge, due to a miscommunication and failure by plaintiff's counsel to notify them of the new date, and that no formal court notice was posted on NYSCEF regarding the adjournment. Defendants contend this constitutes excusable default and that vacating the JHO Order would not prejudice plaintiff, who would merely need to present its case again under proper procedural safeguards.

Plaintiff cross-moves to confirm the JHO Order and for an order pursuant to CPLR 5016(c) directing the Clerk of the Court to enter judgment in plaintiff's favor in the total amount of $764,196.30 plus interest from March 4, 2020, as well as costs and disbursements. Plaintiff argues that defendants' motion to vacate should be denied because defendants failed to demonstrate a reasonable excuse for their default and did not present any potentially meritorious defense. Plaintiff asserts that defendant had ample opportunity to track the adjourned hearing date on U.C.S.'s eTrack system but failed to do so, and that proceeding with the inquest on April 3, 2025, was appropriate. Plaintiff further contends that vacatur is unwarranted even if notice was lacking,

[* 2]

as defendants could still have submitted evidence to the Court but did not, and that redoing the inquest would unfairly prejudice plaintiff and its witness, who has already testified at the hearing.

In opposition to the cross-motion, defendants reassert that the JHO Order should be vacated under CPLR 5015(a) because the hearing was conducted without notice to defendants or their counsel. Defendants maintain that plaintiff's counsel had agreed to notify them of the adjourned date but failed to do so. Defendants further contend that because the inquest concerned damages only—not liability—there was no requirement to show a meritorious defense, and that any such defense was already before the Court when it ordered the inquest in the first place. Defendants assert that any inconvenience to plaintiff does not outweigh the fundamental unfairness of entering judgment after an uncontested inquest, and that a brief rehearing with both parties present would serve justice without significant prejudice.

In reply, plaintiff reasserts that defendants failed to demonstrate either a reasonable excuse for their default or a potentially meritorious defense. Plaintiff contends that defendants' counsel neglected to follow standard procedures—such as contacting the referee, checking eTrack, or following up with opposing counsel—to learn the adjourned hearing date, and instead passively relied on an alleged promise that was never made. Plaintiff emphasizes that the default occurred at a properly scheduled damages hearing and that defendants cite no authority excusing them from the obligation to present a meritorious defense in such context. Plaintiff further argues that defendants have offered no evidence or specific challenge to the referee's findings, failed to identify any potential cross-examination, and ignored controlling precedent cited by plaintiff that allows the trial court to decide whether to accept or reject a referee's report even if notice was lacking.

**3**

[* 3]

## Discussion

### *Defendants' Motion to Vacate (Motion Sequence Three)*

It is well settled that a party seeking to vacate a default "must demonstrate both a reasonable excuse for the default and the existence of a meritorious claim" (*Parker v City of New York*, 272 AD2d 310, 310 [2d Dept 2000] [citations omitted]; *see* CPLR 5015[a][1]). "The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the trial court" (*id.*).

Here, defendants fail to demonstrate any reasonable excuse for their default. It is undisputed that defendants were on notice of the original hearing date of March 6, 2025, and that defendants requested an adjournment of the hearing due to their scheduling conflict. However, after requesting the adjournment, defendants made no effort to ascertain the new hearing date through any available means, such as checking the eTrack system, contacting the Court, or following up with opposing counsel. Despite the availability of standard court notification tools, defense counsel admitted in his sworn affirmation that he had not subscribed to the case on eTrack, stating: "even the electronic listing of the adjourned April 3 hearing date on eCourts (to which I had not subscribed on this matter) does not constitute notice to the parties of a hearing."

Defendants' passive reliance on opposing counsel—based on an alleged informal agreement to be notified of the new hearing date—without any written confirmation or follow-up, is plainly insufficient. A search of the eCourts and eTrack systems confirms that all parties subscribed to this matter were notified that the hearing had been rescheduled to April 3, 2025, and the Court explicitly marked the appearance as "IN PERSON – FINAL" in the "Remarks" column on eTrack.

4

[* 4]

Defendants' reliance on *Bank of N.Y. v Segui*, 120 AD3d 1369, 1373 (2d Dept 2014), in support of their argument that "eCourts … does not constitute notice to the parties of a hearing" is misplaced. In *Segui*, the party seeking vacatur had received no notice of either the original hearing or the adjourned date and had affirmatively contacted the court seeking a status update, unaware that the hearing had already taken place. That is materially distinct from the present case, where defendants were on notice of the original hearing date, personally requested the adjournment, and then failed to take even minimal steps to learn of the rescheduled date.

"In order to support … [a] claim of a meritorious defense, the [movant] was required to set forth sufficient facts [or legal arguments] to demonstrate, on a prima facie basis, that a defense existed" (*Matter of Shehatou v Louka*, 145 AD3d 1533, 1534 [4th Dept 2016] [citation omitted]).

Here, defendants did not even attempt to make a showing of any meritorious defense. Instead, defendants argue that they were not required to make such a showing because the inquest was limited to damages, and that "[a]ny such 'defenses' were already before this Court and eminently reasonable, as those defenses are what prompted this Court to order the Inquest in the first place." Defendants offer no affidavit, no documentary evidence, and no proposed alternative calculation of damages. Defendants do not identify any aspect of Hon. Michael Gerstein's findings they would challenge, nor do they describe what cross-examination or evidence they would have presented had they appeared. Defendants' argument that "defenses" were already before the Court on the summary judgment motion does not suffice, as the Court found in favor of plaintiff after reviewing defendants' papers and evidence therein, and then referred the matter to the special referee solely to compute the amounts owed.

Moreover, the Second Department has made clear that the failure to provide notice or hold a referee hearing does not, in itself, warrant reversal or remand so long as the defendant is not

5

[* 5]

prejudiced and has the opportunity to present evidence directly to the court (see *Excel Capital Group Corp. v 225 Ross St. Realty, Inc.*, 165 AD3d 1233, 1236 [2d Dept 2018] [holding that "defendant was not prejudiced by its inability to submit evidence directly to the referee since it submitted evidence to support its contention … when it opposed the plaintiff's motion, inter alia, to confirm the referee's report and cross-moved to vacate the referee's report"]; *Bank of New York Mellon v Viola*, 181 AD3d 767, 770 [2d Dept 2020] [holding that "[w]here, as here, a defendant had an opportunity to raise questions and submit evidence directly to the Supreme Court, which evidence could be considered by the court in determining whether to confirm the referee's report, the defendant is not prejudiced by any error in failing to hold a hearing"]). Here, defendants do not even attempt to submit any such evidence to the Court—neither testimonial nor documentary—that would challenge the referee's findings or support a different damages calculation.

Accordingly, as defendants fail to demonstrate any reasonable excuse for their default or raise any potentially meritorious defense, defendants' motion is denied.

*Plaintiff's Cross-Motion to Confirm (Motion Sequence Four)*

"CPLR 4403 provides that upon the motion of any party …, the judge required to decide the issue may confirm or reject, in whole or in part, … the report of a referee to report" (*DeStefano v Law Offices of William Pager*, 232 AD3d 788, 789 [2d Dept 2024] [citation and internal quotation marks omitted]). "The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (*id.*). Here, the JHO Order is substantially supported by the record, and defendants have failed to identify any factual or legal error in the JHO Order and have not submitted any evidence or argument challenging its conclusions. Accordingly, the JHO Order is confirmed in its entirety.

[* 6]

Pursuant to CPLR 5016(c), "[j]udgment upon the decision of a court or a referee to determine shall be entered by the clerk as directed therein." Thus, the Clerk is directed to enter judgment in favor of plaintiff in the total amount of $764,196.30, comprising $124,348.75 for shipped inventory and $639,847.55 for unshipped inventory, together with statutory interest from March 4, 2020, and costs and disbursements.

## Conclusion

Based on the foregoing, defendant's motion to vacate is denied, and plaintiff's cross-motion to confirm the JHO Order is granted. The JHO Order is confirmed in its entirety.

It is further ORDERED that plaintiff shall file and serve a proposed judgment within 30 days of entry of this Decision and Order.

Any arguments not specifically addressed herein have been considered and are either without merit or rendered moot by the Court's determination.

ENTER:

_____
Honorable Reginald A. Boddie
Justice, Supreme Court

HON. REGINALD A. BODDIE
J.S.C.

7