**Cleveland v Mount Sinai Health Sys., Inc**

2026 NY Slip Op 30722(U)

February 26, 2026

Supreme Court, New York County

Docket Number: Index No. 805295/2024

Judge: Kathy J. King

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. KATHY J. KING**           PART            06

*Justice*

-----------------------------------------------------------------------------X

LOVEL CLEVELAND,

                     Plaintiff,

    - v -

MOUNT SINAI HEALTH SYSTEM, INC, MOUNT SINAI
WEST, ST LUKES ROOSEVELT HOSPITAL CENTER INC,
MOUNT SINAI HOSPITALS GROUP, INC., ANTHONY
SPINALE, RN, BONNIE BROWN, MD, CARLY ROSEN, MD,
JONATHAN DEASSIS, MD, SAMANTHA SHETTY, MD,
MARYNA SLIUT, MD, JOHN DOES, and JANE DOES,

                     Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 805295/2024 |
| MOTION DATE | 06/24/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47

were read on this motion to/for                DISMISSAL         .

Upon the foregoing documents, the Defendants, Bonnie Brown, DO, Carly Rosen, MD, and Maryna Sliut, MD, move for an Order:

a) Dismissing the Summons and Complaint with prejudice pursuant to CPLR 308 and 3211(a)(8) on the grounds that proper service of process was never effectuated as to Bonnie Brown, DO, Carly Rosen, MD, and Maryna Sliut, MD (individually, "Dr. Brown", "Dr. Rosen", and "Dr. Sliut", and, collectively, "Moving Defendants"), and as such, this court does not have personal jurisdiction over Dr. Brown, Dr, Rosen, and Dr. Sliut;

b) Dismissing the Summons and Complaint with prejudice pursuant to CPLR 3211(a)(5) due to the expiration of the applicable statute of limitations.

Plaintiff opposes Defendants' motion.[1]

---

[1] In its opposition, Plaintiff addresses only the jurisdictional branch of Defendants' motion, leaving the remaining arguments unopposed.

805295/2024   CLEVELAND, LOVEL vs. MOUNT SINAI HEALTH SYSTEM, INC ET AL        Page 1 of 5
Motion No.  001

1 of 5

## BACKGROUND

Plaintiff commenced this action by filing a Summons and Complaint on or about October 17, 2024, alleging that Plaintiff sustained life altering personal injuries and other compensable loss when Defendants failed to properly treat, diagnose and manage an emerging stroke.

On December 30, 2024, Plaintiff filed Affidavits of Service. According to Plaintiff's Affidavits of Service, the service upon Moving Defendants were allegedly completed on December 16, 2024, and served at 1000 10th Avenue, New York, NY 10019 by delivering a true copy to "G. LUGO" (Coordinator/Co-Worker) at person's actual place of business or employment, and by mailing a copy by U.S. Postal Service on December 19, 2024, addressed to Moving Defendants at business/employment address MOUNT SINAI WEST, 1000 10th Avenue, New York, NY 10019.

On April 23, 2025, Moving Defendants joined issue by way of a Verified Answer with affirmative defenses sounding in both lack of personal jurisdiction and expiration of statute of limitations.

Moving Defendants now move to dismiss the Summons and Complaint against them on the grounds of improper service of process.

Plaintiff submits opposition to the motion.

## DISCUSSION

### I.      DISMISSAL FOR LACK OF PERSONAL JURISDICTION

Moving Defendants seek dismissal of the Complaint pursuant to CPLR 3211(a)(8), contending that service was never properly effectuated under CPLR 308(2). Specifically,

805295/2024   CLEVELAND, LOVEL vs. MOUNT SINAI HEALTH SYSTEM, INC ET AL          Page 2 of 5
Motion No. 001

2 of 5

[* 2]

Defendants argue that Mount Sinai West was not their "actual place of business" on December 16, 2024, as their employment at said facility had terminated prior to the attempted service. Moving Defendants further maintain that service was not made upon a party authorized to accept process on their behalf, rendering the Affidavits of Service facially deficient.

In opposition, Plaintiff argues that Defendants have waived any jurisdictional objection. Pursuant to CPLR 320(a) and (b), a defendant's appearance is equivalent to personal service unless an objection to jurisdiction is asserted by motion or in an answer. While Defendants asserted this objection in their Verified Answer on April 23, 2025, Plaintiff highlights the "60-day rule" mandated by CPLR 3211(e).

Under this statute, an objection to improper service is waived if the objecting party fails to move for judgment on that ground within sixty days of serving the pleading, unless the court extends the time upon a showing of "undue hardship."

The record confirms that Moving Defendants served their Verified Answer on April 23, 2025, but did not file the instant motion until June 24, 2025—62 days later. Defendants characterize this two-day delay as de minimis and request that the Court exercise its discretion under CPLR 2001 to excuse the untimeliness.

The First Department has strictly interpreted the "undue hardship" standard of CPLR 3211(e) as being significantly more demanding than the "good cause" or "interest of justice" standards found elsewhere in the CPLR (*see Wiebusch v Marble Collegiate Church*, 9 AD3d 315 [1st Dept 2004]; *McGowan v Hoffmeister*, 15 AD3d 297 [1st Dept 2015]). "Undue hardship" requires a showing that the motion could not have been made within the 60-day period despite the exercise of ordinary diligence (*see Brafman & Assoc., P.C. v Balkany*, 190 AD3d 453 [1st Dept 2021]). The mere fact that a delay is brief or causes no prejudice against the plaintiff does not

805295/2024   CLEVELAND, LOVEL vs. MOUNT SINAI HEALTH SYSTEM, INC ET AL          Page 3 of 5
Motion No.  001

3 of 5

satisfy the statutory mandate. Without sworn allegations of an external obstacle that prevented a timely filing, the Court is without authority to extend the deadline, and the objection of improper service is waived as a matter of law (*see Fleet Bank, N.A. v Riese*, 247 AD2d 276 [1st Dept 1998]; *Worldcom, Inc. v Dialing Loving Care*, 269 AD2d 159 [1st Dept 2000]; *U.S. Bank N.A. v Roque*, 172 AD3d 948, 950 [2d Dept 2019]).

Accordingly, that branch of the motion seeking dismissal for lack of personal jurisdiction is denied.

## II.      **EXPIRATION OF THE STATUTE OF LIMITATIONS**

Having determined that Moving Defendants waived their jurisdictional objection regarding the manner of service, the Court now turns to the second branch of Defendants' motion: dismissal based upon the expiration of the Statute of Limitations pursuant to CPLR 3211(a)(5). Unlike an objection to the method of service under CPLR 3211(a)(8), a defense based on the Statute of Limitations is not subject to the 60-day waiver rule of CPLR 3211(e). Thus, the Court must determine if the action was timely commenced.

Under CPLR §214-a, a medical malpractice claim generally accrues on the date of the alleged negligent act or omission and must be commenced within two years and six months of that act or the last date of continuous treatment for the same condition (*see Daniel J. v New York City Health and Hosps. Corp.*, 77 NY2d 630 [1991]; *McDermott v Torre*, 56 N.Y.2d 399 [1982]).

The record reflects that Plaintiff's last date of treatment was November 10, 2022. Thus, the Statute of Limitations expired on May 10, 2025. However, the Summons and Complaint were filed on October 17, 2024. Defendants' argument rests on the theory that the failure to properly serve them rendered the timely filing of the Summons and Complaint a nullity. However, as determined

805295/2024  CLEVELAND, LOVEL vs. MOUNT SINAI HEALTH SYSTEM, INC ET AL          Page 4 of 5
Motion No. 001

4 of 5

by the Court, Defendants waived their objection to the propriety of service by failing to move within the 60-day period mandated by CPLR 3211(e).

Because the jurisdictional objection is waived, the service is deemed valid *nunc pro tunc*. As the action was filed on October 17, 2024—well within the 2.5-year period ending May 10, 2025—the action is timely. The need for the Plaintiff to "re-serve" the Defendants or "recommence" the action is moot, and the branch of the motion seeking dismissal pursuant to CPLR 3211(a)(5) is denied.

Based on the foregoing, it is hereby

**ORDERED** that Moving Defendants' motion to dismiss is denied.

This constitutes the Decision and Order of the Court.

| 2/26/2026 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | KATHY J. KING, J.S.C. | |

CHECK ONE: ☐ CASE DISPOSED ☒ NON-FINAL DISPOSITION

☐ GRANTED ☒ DENIED ☐ GRANTED IN PART ☐ OTHER

APPLICATION: ☐ SETTLE ORDER ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

805295/2024  CLEVELAND, LOVEL vs. MOUNT SINAI HEALTH SYSTEM, INC ET AL        Page 5 of 5
Motion No.  001

5 of 5