Alexander Rich, Appellant, *v.* The Manhattan Railway
   Company and The New York Elevated Railroad Com-
   pany, Respondents.

Appeal — Review of Interlocutory Judgment — Code Civ. Proc.
§§ 1316, 1350.   To obtain the review on the merits, by the Court of
Appeals, of an interlocutory judgment, on an appeal from a judg-
ment of the General Term affirming a final judgment entered after
an affirmance by it of the interlocutory judgment, as provided by section
1350 of the Code of Civil Procedure, the election to have the interlocutory
judgment reviewed must be expressed by specifying that judgment in
the notice of appeal, as required by section 1316 of the Code.

*Rich* v. *Manhattan R. Co.*, 7 Misc. Rep. 733, affirmed.

(Argued October 21, 1896; decided October 30, 1896.)

Appeal from judgment of the General Term of the Court
of Common Pleas for the city and county of New York,
entered March 12, 1894, which affirmed a judgment in favor
of defendants entered upon a decision of the court on trial at
Special Term dismissing the complaint.

This action was brought to restrain the operation and main-
tenance by defendants of their elevated railroad in Park Row
in the city of New York in front of plaintiff's premises, and
for the recovery of damages caused thereby.

Upon the trial at Special Term it was held that the plain-
tiff was not entitled to equitable relief, and that the complaint
should be dismissed, with costs, unless the plaintiff should
elect, within a specified time, to try the claim to money dam-

ages as an *action at law* before a jury; and an interlocutory judgment was entered accordingly. The plaintiff appealed from that judgment to the General Term, where it was affirmed, and from the judgment of affirmance he appealed to the Court of Appeals, where the appeal was dismissed upon the ground that the judgment was not a final one, and, therefore, not reviewable there. (138 N. Y. 668.) The parties then went back to the Special Term, and the plaintiff having waived his right to elect in accordance with the interlocutory judgment, a final judgment was entered dismissing the complaint, with costs. From this final judgment the plaintiff appealed to the General Term, where the same was affirmed, on the ground that the law of the case was settled by its decision upon the appeal from the interlocutory judgment. Judgment affirming the final judgment was entered accordingly, and from such judgment of affirmance the present appeal was taken, by a notice of appeal which specified, as the subject of appeal, only the judgment of the General Term upon the appeal from the final judgment.

*E. Countryman* for appellant. This appeal brings up the whole record, especially the merits of the interlocutory judgment, for review. (*Raynor* v. *Raynor*, 94 N. Y. 248.)

*Brainard Tolles* for respondents. This appeal raises no question as to the merits of the interlocutory judgment. (Code Civ. Proc. §§ 1301, 1316, 1336; *Reese* v. *Smyth*, 95 N. Y. 645; *Cameron* v. *E. L. Ass. Soc.*, 13 J. & S. 628; *Patterson* v. *McCunn*, 38 Hun, 531; *Dick* v. *Livingston*, 41 Hun, 455; *Richards* v. *Brice*, 16 Civ. Proc. Rep. 398; *Brater* v. *Andrews*, 74 Hun, 640; *Webster* v. *Clark*, 51 N. Y. S. R. 808; *Mapes* v. *Coffin*, 5 Paige, 296; *Townsend* v. *Mayor, etc.*, 20 Civ. Proc. Rep. 200.)

Gray, J. In our judgment, this appeal by the plaintiff in the action does not authorize us to review the merits of the interlocutory judgment, which was affirmed at the General Term and upon the affirmance of which the final judgment

in the action was entered dismissing the complaint. The plaintiff had appealed from the interlocutory judgment, which was entered at the Special Term, to the General Term of the court; where the same was affirmed and, thereupon, final judgment was entered. From that final judgment the plaintiff took an appeal to the General Term and that court has affirmed the same. The notice of appeal to this court is from that determination of the General Term, and it does not specify anything else as a subject for review. The provisions of the Code of Civil Procedure are specific with reference to appeals and they must be strictly pursued. The right to appeal, in civil cases, is not an inherent right; but is purely statutory. The jurisdiction of this court is designated and created by law and it has no other. (103 N. Y. at p. 164.) Referring to section 1336, we find this provision, viz. : " Where final judgment is rendered in the court below, after the affirmance, upon an appeal to the General Term of that court, of an interlocutory judgment; * * * the party aggrieved may appeal directly from the final judgment to the Court of Appeals, notwithstanding that it was rendered at a Special Term, or at a Trial Term. * * * But such an appeal brings up, for review, only the determination of the General Term, affirming the interlocutory judgment," etc. Had the plaintiff, who was aggrieved by the affirmance of the interlocutory judgment, which dismissed his complaint, complied with that section and had he come here directly, by way of appeal from the final judgment entered upon the interlocutory judgment, we should have been authorized to review the merits of that interlocutory judgment. What he did do, however, was to follow the provisions of section 1350, which are, that " Where final judgment is taken, at a Special Term or Trial Term, * * * after the affirmance, upon an appeal to the General Term, of an interlocutory judgment; * * * an appeal to the General Term from the final judgment brings up, for review, only the proceedings to take the final judgment, or upon which the final judgment was taken, including the hearing or trial of the other issues in the action, if any. If an

appeal is taken to the Court of Appeals from the determination of the General Term, upon the appeal from the final judgment, the determination of the General Term, affirming the interlocutory judgment, * * * may, at the election of either party, be reviewed thereupon." etc. The effect of following the procedure prescribed in this section is the submission to the General Term of any question as to the regularity of the proceedings leading up to the final judgment; or of other issues in the action, if any. So far as it went, the interlocutory judgment settled the law of the case and determined the merits of the controversy between the parties. Hence, an appeal to this court by a notice, which only specified, as the subject of the appeal, the judgment of the General Term upon the appeal from the final judgment, obviously, only brought before us those questions which were then before the General Term, and by that court then determined. But section 1350 was made so broad in its authority, as to permit the appellant from the determination of the General Term to include, as a subject for review by this court, upon his appeal thereto, the prior determination of the General Term affirming the interlocutory judgment, if he elect to do so. That election, however, was not intended to be a mere mental operation on the part of the party desiring to have a review of the interlocutory judgment; as we may not only readily infer, but as we may read in section 1316. By that section it is provided that "An appeal, taken from a final judgment, brings up for review an interlocutory judgment, or an intermediate order, which is specified in the notice of appeal, and necessarily affects the final judgment;" etc. Section 1316 is contained in title one of chapter 12 on appeals and the provisions of the title are stated to be general and to relate to the appeals provided for in the chapter; among which are appeals to the Court of Appeals. The section is, therefore, applicable to appeals to this court and points out how our review may be extended over the final judgment and so as to include an interlocutory judgment. · If it were not for the permission given by section 1350, the right to review

69

the determination of the General Term affirming an interlocutory judgment would not exist and it is a condition precedent to the right, under that permission, to have such a review, that the election of the party be expressed in his notice of appeal. It seems clear that if this plaintiff, who was aggrieved by the interlocutory judgment, did not seek to have it reviewed here, upon an appeal from the final judgment, as distinctly provided by section 1336 of the Code, he remitted himself wholly to the procedure prescribed by section 1350 and, in following it with knowledge as to the limited review by the General Term, he was required, in order to extend our jurisdiction, upon an appeal from its particular determination, to specify in his notice its prior determination affirming the interlocutory judgment and thus express the election given by the statute. There should be no complication, nor doubt, about the practice prescribed by the Code.

The case of *Raynor* v. *Raynor* (94 N. Y. 248), to which the appellant calls our attention, in no sense conflicts with the conclusion we have reached. The expressions of Judge EARL in that case, clearly, indicate that he considered section 1350 as offering an election to the party aggrieved by the final judgment to present upon his appeal, when following the procedure under that section, all the questions of law involved in the case.

It follows that as, for the reasons given, the interlocutory judgment is not before us for review and, as no error appears in the determination of the General Term appealed from, the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.