■ Eileen E. Bradley, Appellant, v James W. Earl, Respondent.—In a matrimonial action in which the plaintiff wife moved for leave to enter a money judgment against the defendant husband for arrears in child support due under a separation agreement which was incorporated but not merged in a judgment of divorce between the parties and which contained a cost of living escalation clause, and for an award of counsel fees, the plaintiff appeals (1) as limited by her brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Coppola, J.), entered February 15, 1984, as failed to grant the entire increased cost of living reflected in the consumer price index for the northeastern region of the United States as increased child support pursuant to the separation agreement, and instead limited recovery to only 40% of the increased cost of living as reflected in the consumer price index, and awarded only $1,500 as a counsel fee and (2) from an order of the same court, entered April 9, 1984, which denied her motion for reargument.

On appeal from the order and judgment entered February 15, 1984, plaintiff seeks review pursuant to CPLR 5501 (a) (1) of (1) an order of the same court (Ferraro, J), entered January 6, 1983, which determined that language of paragraph Tenth of the separation agreement, relating to cost of living increases of child support, was vague and ambiguous and thereupon referred the motion for child support arrears and counsel fees for a hearing and (2) an order of the same court entered March 1, 1983, which denied her motion for reargument of the order entered January 6, 1983.

Order and judgment entered February 15, 1984 modified, on

the law, by deleting the word "40%" from the fourth decretal paragraph thereof and substituting therefor the word "100%", and by deleting all the words after the words "('the index')" therefrom and substituting therefor the words "and it is further", and by deleting the fifth and sixth decretal paragraphs therefrom. As so modified, order and judgment affirmed, insofar as appealed from, and matter remitted to the Supreme Court, Westchester County, for computation of the amount due under the agreement in accordance herewith.

Appeal from order entered April 9, 1984 dismissed. No appeal lies from an order denying reargument.

So much of the appeal from the order and judgment entered February 15, 1984 as seeks review of (1) that portion of the order entered January 6, 1983 which ordered a hearing on the motion and (2) the order entered March 1, 1983, dismissed. As to the portion of the order entered January 6, 1983 that directed a judicial hearing to aid in the disposition of the motion, it did not affect a substantial right and therefore does not "necessarily affect" the order and judgment entered February 15, 1984 which eventually decided the motion. Accordingly, it is not reviewable on the appeal from the order and judgment (see, CPLR 5501 [a] [1]; cf. Bagdy v Progresso Foods Corp., 86 AD2d 589; Astuto v New York Univ. Med. Center, 97 AD2d 805). As to the order entered March 1, 1983, it merely denied reargument of the order entered January 6, 1983, and similarly did not "necessarily affect" the order and judgment entered February 15, 1984.

Plaintiff is awarded one bill of costs.

Contrary to the opinion of Special Term, the escalation clause in dispute, which provides that on each anniversary date of the separation agreement "the Husband's monthly child support payment shall be adjusted upward by a percentage amount equal to the increase in the U. S. Department of Labor cost of living statistics for the northeastern region of the U. S.", is neither vague nor ambiguous. The percentage by which the child support payment is to be adjusted may readily be found in the consumer price index of the Federal Bureau of Labor Statistics, under "TABLE 3" which lists, inter alia, the cost of living increases for the northeast region of the United States. The escalation formula contemplated by the agreement corresponds to a single figure and is therefore amenable to simple and precise computation. The 40% figure arrived at by Special Term is not only arbitrary, but fails to reflect the true intentions of the parties as expressed in the language of the agreement, and instead, creates a wholly new contract. Defen-

dant voluntarily agreed to the escalation clause and he is accordingly bound by its specific terms. We therefore remit the matter to Special Term for computation of the amount of arrears due under the agreement in accordance with this decision.

With respect to the award of counsel fees, we conclude that Special Term did not abuse its discretion in limiting the award to only $1,500 (*see,* Domestic Relations Law § 238; *Resslhuber v Resslhuber,* 57 AD2d 552). Lazer, J. P., Thompson, Rubin and Kunzeman, JJ., concur.