B. GASTEL, Plaintiff, v CEASAR BRIDGES, Defendant.

Fourth Department, September 27, 1985

APPEARANCES OF COUNSEL

*Bernard Gastel,* plaintiff *pro se.*
*Roy W. King* for defendant.

**OPINION OF THE COURT**

Per Curiam.

This motion for leave to appeal from an order of the Monroe County Court, affirming an order of the City Court of Rochester, should be denied.

There is no inherent right to appeal. That right depends upon express constitutional or statutory authorization (*Friedman v State of New York,* 24 NY2d 528, 535, *mot to amend remittitur granted* 25 NY2d 905, *lv dismissed* 397 US 317); it may not be inferred by implication or construction (*Johnson v International Harvester Co.,* 236 App Div 618). CPLR 5703 (b) authorizes appeals to this court as of right from an order of a County Court which determines an appeal from a judgment of a lower court. No appeal lies as of right from an order of a County Court which determines an appeal from an order of a lower court (*Lincoln Rochester Trust Co. v Howard,* 53 AD2d 1037, and cases cited therein). Nor do we have statutory authority to grant permission to take such an appeal.

The Appellate Division is authorized to grant permission to appeal only from orders in actions originating in Supreme and County Courts (CPLR 5701 [c]), from orders of an Appellate Term (CPLR 5703 [a]), and from judgments or orders of a court of original instance other than the Supreme or County Courts where the statute governing the practice in that court so provides (CPLR 5702; *see, e.g.,* Family Ct Act § 1112). This action

did not originate in Supreme or County Court; the appeal is not from an order of an Appellate Term; and the Uniform City Court Act, governing the practice in the court of original instance, does not provide for appeals to the Appellate Division.

We are aware of the cases to the contrary decided by the Appellate Division, Third Department, where the court granted leave to appeal *sua sponte* (*Matter of Cammarota v Bella Vista Dev. Corp.,* 88 AD2d 703; *Matter of Swartz v Wallace,* 87 AD2d 926, 927), and of cases decided by this court where we indicated that appeal might lie by permission (*Goldman v Green,* 81 AD2d 1040, 1041; *Harding v New York State Teamsters Council Welfare Trust Fund,* 60 AD2d 975, *lv dismissed* 44 NY2d 697). Nevertheless, if we are to be empowered to grant permission to appeal from an order of a County Court determining an appeal from an order of a lower court, that power must come from the Legislature.

DILLON, P. J., HANCOCK, JR., CALLAHAN, DOERR and BOOMER, JJ., concur.

Motion for permission to appeal to Appellate Division denied.