██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL L. SMITH, Appellant.—Judgment unanimously affirmed. Counsel's application to withdraw granted (see, People v Crawford, 71 AD2d 38). (Appeal from judgment of Genesee County Court, Morton, J.—attempted burglary, second degree.) Present—Callahan, J. P., Doerr, Denman, Lawton and Davis, JJ.

██ In the Matter of KENT H., a Person Alleged to be in Need of Supervision. (Appeal No. 1.)—Order unanimously reversed on the law without costs and matter remitted to Erie County Family Court for further proceedings, in accordance with the following memorandum: Respondent appeals from an order adjudicating him a person in need of supervision, and also appeals from an order placing him in the custody of the Department of Social Services at Berkshire Farms for a period of 12 months. The record reveals that, prior to accepting a partial admission to the allegations in the petition, Family Court did not advise respondent of his right to remain silent or of possible dispositional orders. Moreover, Family Court accepted the admission from respondent's attorney, not from respondent himself. Those omissions require reversal (see, Matter of Mark S., 144 AD2d 1010; Matter of Melissa P., 140 AD2d 1006; Matter of Tomika M., 136 AD2d 951). (Appeal from order of Erie County Family Court, Honan, J.—PINS.) Present—Callahan, J. P., Doerr, Denman, Lawton and Davis, JJ.

██ In the Matter of KENT H., a Person Alleged to be in Need of Supervision. (Appeal No. 2.)—Order unanimously reversed on the law without costs and matter remitted to Erie County Family Court for further proceedings, in accordance with the same memorandum as in Matter of Kent H. ([appeal No. 1] 162 AD2d 1058 [decided herewith]). (Appeal from order of Erie County Family Court, Honan, J.—PINS.) Present—Callahan, J. P., Doerr, Denman, Lawton and Davis, JJ.

██ VINCENT SHIANO, Plaintiff, v BERNARD STRUBLE, Defendant.—Motion for leave to appeal denied. Memorandum: There is no authority for granting leave to appeal to the Appellate Division from a determination of an appellate court. (See, CPLR 5703 [b]; Gastel v Bridges, 110 AD2d 146.) Either the appeal lies as of right or not at all. Present—Callahan, J. P., Doerr, Denman, Boomer and Balio, JJ.