■ KATHLEEN LEONARD, an Infant, by Her Mother and Natural Guardian, ELIZABETH LEONARD et al., Appellants-Respondents, v TODD B. BISHOP, Respondent-Appellant, et al., Respondents. (And a Third-Party Action.) [633 NYS2d 79] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, (1) from so much of an order of the Supreme Court, Suffolk County (Cannavo, J.), dated November 3, 1994, as granted the branch of the motion of the defendant Todd Bishop which was, in effect, to vacate a prior order of the same court dated August 8, 1994, entered upon his default, and (2) from so much of an order of the same court dated December 16, 1994, as, upon granting the plaintiffs' motion for reargument, adhered to its prior determination, and denied the plaintiffs' motion for leave to serve an amended complaint. The defendant Todd Bishop cross-appeals from so much of the order dated November 3, 1994, as directed a hearing to determine whether he had been properly served with process in the action.

Ordered that on the court's own motion, Todd Bishop's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted *(see,* CPLR 5701 [c]); and it is further,

Ordered that the appeal from the order dated November 3, 1994, is dismissed, without costs or disbursements, as that order was superseded by the order dated December 16, 1994, made upon reargument; and it is further,

Ordered that the order dated November 3, 1994, is affirmed insofar as cross-appealed from, without costs or disbursements; and it is further,

Ordered that the order dated December 16, 1994, is affirmed insofar as appealed from, without costs or disbursements.

We reject the plaintiffs' contention that the defendant Todd Bishop waived, or should be estopped from asserting, the affirmative defense of lack of personal jurisdiction based on improper service. The plaintiffs are not entitled to serve an amended complaint on Bishop and avoid the defense of lack of personal jurisdiction based on improper service merely because Bishop served a third-party complaint *(cf., Duffy v Horton Mem. Hosp.,* 66 NY2d 473).

Finally, we reject Bishop's contention on the cross appeal that the affidavit of service was improper on its face, and thus, the complaint should have been dismissed. The order dated November 3, 1994, which set the matter down for a hearing, is not appealable as of right *(see, Matter of Manufacturers Hanover Trust v Porcelli,* 111 AD2d 175; *Palma v Palma,* 101 AD2d 812). Nevertheless, leave to appeal is granted pursuant to CPLR 5701 (c). The Supreme Court correctly determined that an issue of fact has been raised with regard to service and correctly ordered a hearing to determine the validity of the service of process. Balletta, J. P., Rosenblatt, Pizzuto, Joy and Altman, JJ., concur.