Green Tree Servicing, LLC v Frantzeskakis (2021 NY Slip Op 06675)





Green Tree Servicing, LLC v Frantzeskakis


2021 NY Slip Op 06675


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2019-02308
 (Index No. 8362/10)

[*1]Green Tree Servicing, LLC, appellant,
v
George Frantzeskakis, respondent, et al., defendants.


Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Adam Wynn and Gregg L. Verrilli of counsel), for appellant.
Warshaw Burnstein, LLP, New York, NY (Pankaj Malik of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), dated November 21, 2018. The order, after a hearing to determine the validity of service of process, granted that branch of the motion of the defendant George Frantzeskakis which was, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
ORDERED that the order is reversed, on the law, with costs, and that branch of the motion of the defendant George Frantzeskakis which was, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction is denied.
"A process server's affidavit of service gives rise to a presumption of proper service" (Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d 776, 776). "A sworn denial containing a detailed and specific contradiction of the allegations in the process server's affidavit will defeat the presumption of proper service" (id. at 776-777). However, "[b]are and unsubstantiated denials are insufficient to rebut the presumption of service" (HSBC Bank USA, N.A. v Archibong, 157 AD3d 662, 662-663 [internal quotation marks omitted]). "A minor discrepancy between the appearance of the person allegedly served and the description of the person served contained in the affidavit of service is generally insufficient to raise an issue of fact warranting a hearing" (PNC Bank, N.A. v Bannister, 161 AD3d 1114, 1115). Further, "the discrepancies must be substantiated by something more than a claim by the parties allegedly served that the descriptions of their appearances were incorrect" (US Bank N.A. v Cherubin, 141 AD3d 514, 516). Here, notwithstanding alleged physical discrepancies, the process server averred that the person who answered the door, and on whom he served process, gave her name as Marina Frantzeskakis, and acknowledged she was the wife of the defendant George Frantzeskakis (hereinafter the defendant).
The process server's affidavit of service constituted prima facie proof of proper service on the defendant via substituted service on his wife (see CPLR 308[2]). The affidavits submitted by the defendant failed to rebut the presumption of due service. The discrepancies alleged by the defendant between his wife's appearance and the description of the person served contained in the process server's affidavit were either too minor or insufficiently substantiated to warrant a hearing (see Deutsche Bank Natl. Trust Co. v Yurowitz, 181 AD3d 646, 648; US Bank N.A. v [*2]Cherubin, 141 AD3d at 516).
Accordingly, a hearing to determine the validity of service of process was not warranted under the circumstances of this case, and the Supreme Court should have denied that branch of the defendant's motion which was, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction without a hearing (see Wells Fargo Bank, N.A. v Decesare, 154 AD3d 717, 718).
In light of our determination, we need not reach the parties' remaining contentions.
AUSTIN, J.P., HINDS-RADIX, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court