OneWest Bank FSB v Perla (2021 NY Slip Op 07550)





OneWest Bank FSB v Perla


2021 NY Slip Op 07550


Decided on December 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-05052
 (Index No. 25172/09)

[*1]OneWest Bank FSB, appellant, Nissan 
v
Perla, et al., respondents, et al., defendants.


Duane Morris LLP, New York, NY (Brett L. Messinger of counsel), for appellant.
Law Office of Jeffrey Fleischmann, P.C., New York, NY (Gary M. Heller of counsel), for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), dated February 16, 2018. The order, after a hearing to determine the validity of service of process, granted that branch of the motion of the defendants Nissan Perla and 222 Beach 40th St., LLC, which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against the defendant Nissan Perla.
ORDERED that the order is reversed, on the law, with costs, and that branch of the motion of the defendants Nissan Perla and 222 Beach 40th St., LLC, which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against the defendant Nissan Perla is denied.
In 2009, the plaintiff commenced this action to foreclose a mortgage granted by the defendant Nissan Perla on July 6, 2006, on property located in Far Rockaway to secure indebtedness of $420,000. An affidavit of service filed with the Queens County Clerk's office on October 19, 2009, recites that Perla was served on October 8, 2009, by delivery of the summons and complaint to a person of suitable age and discretion, identified as "DOREEN G., MANAGER," at Perla's place of employment, followed by a mailing on October 14, 2009, to Perla's last known address. The affidavit of service included a detailed physical description of the person at Perla's office to whom the papers were purportedly delivered.
By notice of motion dated December 16, 2015, Perla and the defendant 222 Beach 40th St., LLC (hereinafter together the defendants), moved, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against Perla. In support of the motion, Perla submitted an affidavit in which he averred that he was never served with the summons and complaint. He further averred that, although the "affidavit of service . . . claims to have served someone named Dorren G. Manager [sic] at my place of employment," "[t]here is no person by that name that ever worked in my office nor does [sic] I know anyone by that name." The plaintiff opposed the motion, arguing, among other things, that Perla's denial of service did not rebut the presumption of proper service created by the process server's affidavit. In an order dated October 17, 2016, the Supreme Court found that a hearing was necessary to determine the validity of service of process upon Perla.
After conducting a hearing, in an order dated February 16, 2018, the Supreme Court [*2]found that service of process was not validly effectuated upon Perla, and granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against Perla. The plaintiff appeals from the order dated February 16, 2018. We reverse.
As an initial matter, contrary to the conclusion reached by our dissenting colleague, the issue of whether Perla's affidavit sufficiently rebutted the presumption of proper service established by the process server's affidavit so as to warrant a hearing is properly before us. The plaintiff could not have appealed, as of right, from the order dated October 17, 2016, since it merely directed a judicial hearing to aid in the disposition of a motion and did not affect a substantial right (see U.S. Bank N.A. v Roque, 172 AD3d 948, 949-950). We agree with our dissenting colleague that CPLR 5501(a)(1) is not the operative statute giving rise to appellate jurisdiction to review this matter, as the appeal is from an order and not from a "final judgment." Rather, our jurisdiction is premised upon CPLR 5501(c), which directs that this Court "shall review questions of law and questions of fact on an appeal from a[n] . . . order of a court of original instance," as well as the consistent line of cases from this Court holding that an appeal from an order granting a motion to dismiss based upon lack of personal jurisdiction—issued after a hearing—also brings up for review the issue of whether a hearing was necessary to determine the motion (see Green Tree Servicing, LLC v Frantzeskakis, ___ AD3d ___, 2021 NY Slip Op 06675 [2d Dept]; Turner v Sideris, 187 AD3d 963; HSBC Bank USA, N.A. v Sprei, 180 AD3d 763; Mileski v MSC Indus. Direct Co., Inc., 159 AD3d 690, 691; see also Deutsche Bank Natl. Trust Co. v Jorgensen, 185 AD3d 784, 785)[FN1]. Since an order directing a hearing to aid in the determination of a motion holds the determination of the motion in abeyance, the subsequent order made after the hearing is "the proper order to appeal from" (Deutsche Bank Natl. Trust Co. v Jorgensen, 185 AD3d at 785 ["the Supreme Court directed a hearing to determine the validity of service of process and held the determination of the motion and cross motion in abeyance pending the outcome of the hearing"]). Thus, the plaintiff properly filed a notice of appeal from the February 16, 2018 order, which was the order that finally determined that branch of the defendants' motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against Perla (see Deutsche Bank Natl. Trust Co. v Jorgensen, 185 AD3d at 785 ["the order . . . issued after the hearing, was the proper order to appeal from, not the 2010 order, which merely directed a judicial hearing to aid in the disposition of a motion" (internal quotation marks omitted)]).
Our dissenting colleague relies upon two cases from the Appellate Division, First Department, Wells Fargo Bank, N.A. v Gore (162 AD3d 437) and B.N. Realty Assoc. v Lichtenstein [*3](21 AD3d 793, 797), for the proposition that, once a hearing to determine the validity of service of process is held, the issue of whether the hearing should have been directed becomes academic. While Gore stands for that proposition on its face, Lichtenstein does not. In Lichtenstein, the issue of whether the Supreme Court properly directed a hearing was rendered academic because the defendant's jurisdictional defense was deemed waived, not because the hearing had subsequently taken place. To the extent that Gore relied solely upon Lichtenstein in reaching its conclusion, respectfully, its reasoning was not sound.
Turning now to the issue of whether the Supreme Court properly directed a hearing on the issue of whether Perla was properly served, "[a]lthough a defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by a process server's affidavit and necessitates an evidentiary hearing, no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits" (City of New York v Miller, 72 AD3d 726, 727). Here, the affidavit of service relied upon by the plaintiff constituted prima facie proof of proper service upon Perla (see Cavalry Portfolio Servs., LLC v Reisman, 55 AD3d 524, 525).
However, Perla's conclusory averments that someone named "Dorren G. Manager [sic]" never worked at his office and that he did not know someone by that name, were insufficient to rebut the presumption of proper service (see Nationstar Mtge., LLC v Kamil, 155 AD3d 966, 967; Wells Fargo Bank, N.A. v Decesare, 154 AD3d 717, 718; US Bank N.A. v Ramos, 153 AD3d 882, 884). Therefore, "a hearing, at which the burden shifted to [the plaintiff] to establish proper service by a preponderance of the evidence, was not warranted" (Mileski v MSC Indus. Direct Co., Inc., 159 AD3d at 693). Accordingly, the Supreme Court should have denied the branch of the defendants' motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against Perla (see Mileski v MSC Indus. Direct Co., Inc., 159 AD3d at 691).
The plaintiff's remaining contention is academic. The defendants' remaining contentions are not properly before us, as the remaining branches of their motion are pending and undecided (see Katz v Katz, 68 AD2d 536).
MASTRO, J.P., and CONNOLLY, J., concur.
WOOTEN, J., concurs in the result, and votes to reverse the order, on the law, and deny that branch of the motion of the defendants Nissan Perla and 222 Beach 40th St., LLC, which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against the defendant Nissan Perla, with the following memorandum:
Based upon this Court's precedent, I am constrained to concur with the determination of my colleagues in the plurality, but write separately to express my concerns with the outcome.
As my dissenting colleague and my colleagues in the plurality agree, the plaintiff's appeal from the order dated February 16, 2018, does not bring up for review the order dated October 17, 2016, pursuant to CPLR 5501(a)(1), which applies only to an appeal from a "final judgment." The issue of whether an appeal from a final judgment would bring up for review an order directing a hearing to aid in the determination of a motion pursuant to CPLR 5501(a)(1) is not before this Court on the subject appeal. Thus, while inconsistent precedent has arisen in this Court on that issue (compare Mileski v MSC Indus. Direct Co., Inc., 159 AD3d 690, with Posner v Post Rd. Dev. Equity, 253 AD2d 866), the subject appeal does not present a suitable basis to address that issue.
Rather, the instant appeal involves the determination of two procedural issues: first, whether it is appropriate to review a ruling directing a hearing to determine the validity of service of process to aid in the disposition of a motion on an appeal from the order ultimately deciding that motion; and second, whether review of the ruling directing the hearing is rendered academic by the posthearing determination as to whether service was proper. Based upon the precedent of this Court, I am compelled to answer the first of these questions in the affirmative and the second in the negative. This Court has deemed it appropriate not only to review a ruling directing a hearing to [*4]determine the validity of service of process on an appeal from an order deciding a motion to dismiss the complaint for lack of personal jurisdiction, but also to address—as a threshold issue—whether it was proper for the Supreme Court to direct the hearing, despite a posthearing determination having been made that personal jurisdiction is lacking (see Green Tree Servicing, LLC v Frantzeskakis, ___ AD3d ___, 2021 NY Slip Op 06675 [2d Dept]; Turner v Sideris, 187 AD3d 963; HSBC Bank USA, N.A. v Sprei, 180 AD3d 763).
As my dissenting colleague correctly notes, the cases in which this Court addressed the issue of whether a hearing to determine the validity of service of process was properly directed on an appeal from a posthearing order do not articulate the basis to engage in such review. Nevertheless, I respectfully disagree with my dissenting colleague that those cases should therefore be afforded little, if any, precedential value. By reaching the issue of whether the Supreme Court properly directed a hearing on an appeal from a posthearing order, this Court has implicitly and necessarily determined that such appellate review is proper. Moreover, since there is no requirement that a ruling directing a hearing to determine the validity of service of process be memorialized in writing, the mere fact that the ruling might be memorialized in an order, which would not be appealable as of right (see CPLR 5701[a][2]), should not, in my view, preclude appellate review of that ruling.
Notwithstanding the foregoing, however, I perceive the aforementioned cases to be problematic in practical effect. As my dissenting colleague correctly determines, the process server's affidavit in this case gave rise to a presumption of proper service (see Wells Fargo Bank, NA v Tobing, 175 AD3d 745, 747), which was overcome by the evidence presented at the hearing. However, by virtue of this Court's precedent to consider whether the hearing was properly directed in the first instance, we must disregard all of the testimony elicited at the hearing as if the hearing never took place. Taken to the logical extreme, this approach could result in this Court determining that a hearing never should have taken place even where a process server expressly admitted at a hearing to not having effectuated proper service.
This Court's approach did not preclude consideration of the testimony elicited at the hearing under the circumstances present in Turner v Sideris (187 AD3d 963) or HSBC Bank USA, N.A. v Sprei (180 AD3d 763), as in both cases, this Court determined that a hearing to determine the validity of service of process was warranted. However, in Green Tree Servicing, LLC v Frantzeskakis (___ AD3d ___, 2021 NY Slip Op 06675), as on the subject appeal, the presumption of proper service raised by a process server's affidavit was not sufficiently rebutted so as to justify a hearing. Therefore, upon consideration of the propriety of the ruling to direct a hearing under those circumstances, any determination based on the evidence elicited at the hearing is rendered academic.
The Appellate Division, First Department has taken the opposite approach in Wells Fargo Bank, N.A. v Gore (162 AD3d 437) and B.N. Realty Assoc. v Lichtenstein (21 AD3d 793), determining in each case that the direction to hold a hearing to determine the validity of service of process was rendered academic by a posthearing determination that personal jurisdiction was lacking (see Wells Fargo Bank, N.A. v Gore, 162 AD3d at 437; B.N. Realty Assoc. v Lichtenstein, 21 AD3d at 797). To the extent my colleagues in the plurality attempt to distinguish Lichtenstein, I respectfully disagree. Although the First Department determined that the issue of whether the Supreme Court properly directed a hearing was academic because, among other things, the defense of lack of personal jurisdiction had been waived, the Court also determined that the issue was academic "since the traverse hearing has already been held" (B.N. Realty Assoc. v Lichtenstein, 21 AD3d at 797).
Nevertheless, this Court has declined to adopt the First Department's approach, and to do so at this juncture would require this Court to effectively overrule its decisions in Green Tree Servicing, LLC v Frantzeskakis (___ AD3d ___, 2021 NY Slip Op 06675); Turner v Sideris (187 AD3d 963) and HSBC Bank USA, N.A. v Sprei (180 AD3d 763). As I am unable to conclude that those cases were decided incorrectly, I am constrained to follow this Court's established precedent, and thus, I concur with my colleagues in the plurality.
Accordingly, I vote to reverse the order, on the law, and to deny that branch of the motion of the defendants Nissan Perla and 222 Beach 40th St., LLC, which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against Perla.
BARROS, J., dissents, and votes to affirm the order, with the following memorandum:
I. Introduction
After conducting an evidentiary hearing on the validity of service of process upon the defendant Nissan Perla (hereinafter traverse hearing), the Supreme Court issued an order finding that Perla was not served, and directing dismissal of the complaint insofar as asserted against him for lack of personal jurisdiction. The plaintiff appeals from that order, but does not challenge the court's finding that Perla was not served. Instead, the plaintiff contends: (1) that the court improvidently exercised its discretion by, in a prior order, directing a traverse hearing; and (2) that the court should have granted its oral request for an extension of time to serve Perla.
As will be set forth herein, neither of the plaintiff's contentions are properly before this Court, and, therefore, the order should be affirmed.
II. Facts and Procedural History
On September 18, 2009, the plaintiff commenced this action to foreclose a mortgage against, among others, Perla and 222 Beach 40th St., LLC (hereinafter together the defendants). By notice of motion dated December 16, 2015, the defendants moved, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against Perla. In an order dated October 17, 2016 (hereinafter the 2016 order), the court directed a traverse hearing to determine the validity of service of process upon Perla. In the order appealed from, dated February 16, 2018, the court, after the hearing, determined that Perla was not validly served, and, therefore, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against Perla.
On March 26, 2018, the plaintiff filed an amended notice of appeal from "the Order granting Defendants Nissan Perla and 222 Beach 40th Street LLC's motion to dismiss, signed by the Hon. Carmen R. Velasquez, J.S.C., dated February 16, 2018." In the amended notice of appeal, the plaintiff purports to appeal "from each and every part of the Order, as well as all interlocutory orders encompassed therein, and from the whole thereof" (emphasis added). Attached to the amended notice of appeal is only a copy of the order dated February 16, 2018, which neither incorporates nor makes reference to any other order.
III. This Court Lacks Appellate Jurisdiction to Review the 2016 Order
To reach the merits of the plaintiff's contention that the Supreme Court erred by, in its 2016 order, directing that a traverse hearing be held, we must first address whether this Court has appellate jurisdiction to consider that contention. We begin with the fundamental principle that the right to appeal exists solely through express statutory or constitutional authorization (see Friedman v State of New York, 24 NY2d 528, 535; Rich v Manhattan Ry. Co., 150 NY 542; Noghrey v Town of Brookhaven, 305 AD2d 474, 474; Gastel v Bridges, 110 AD2d 146, 146), and "may not be inferred by implication or construction" (Gastel v Bridges, 110 AD2d at 146).
The plaintiff contends that this Court has appellate jurisdiction to review the 2016 order because the order appealed from constitutes a "judgment" within the meaning of CPLR 5011, and, therefore, an appeal from such judgment brings up for review the 2016 order.
CPLR 5501(a)(1) provides that an appeal from a judgment brings up for review, inter alia, any nonfinal judgment or order which necessarily affects the final judgment. An order directing dismissal of a complaint for lack of personal jurisdiction does not, in accordance with this Court's [*5]jurisprudence, constitute a "judgment" within the meaning of CPLR 5011 (see State of New York Mtge. Agency v Braun, 182 AD3d 63, 68-69; see also US Bank N.A. v Saintus, 153 AD3d 1380, 1382; Cooke-Garrett v Hoque, 109 AD3d 457). As such, contrary to the plaintiff's contention, an appeal from it does not bring up for review any other order.
However, even assuming that the plaintiff is correct that the order appealed from constitutes a "judgment" (see generally Burke v Crosson, 85 NY2d 10, 15-16; Architectural Bldrs. v Pollard, 267 AD2d 704, 705; Hurd v Lis, 126 AD2d 163; State of New York v Wolowitz, 96 AD2d 47, 54; Siegel & Connor, NY Prac § 530 [6th ed June 2021 Update]), an appeal from this "judgment" still does not bring up for review the 2016 order.
It has long been held in the Second Department—for over a century—that an order directing a hearing to aid in the determination of a motion does not decide a motion, and does not affect a substantial right of a party (see Wells Fargo Bank, N.A. v Santos, 192 AD3d 851; Bank of N.Y. v Segui, 120 AD3d 1369, 1370; see also CPLR 5701[a][2][v]; Serraro v Staropoli, 94 AD3d 1083, 1084; Youngquist v Youngquist, 44 AD3d 1034, 1035; Leonard v Bishop, 220 AD2d 723, 724; Board of Mgrs. of Oaks At La Tourette II v Management Consultants Intl., 170 AD2d 636; Matter of Manufacturers Hanover Trust Co. v Porcelli, 111 AD2d 175; Palma v Palma, 101 AD2d 812; Perez v Perez, 100 AD2d 962; Frost v Halvorsen, 100 AD2d 608; Astuto v New York Univ. Med. Ctr., 97 AD2d 805; Bagdy v Progresso Foods Corp., 86 AD2d 589; Manufacturers Trust Co. v Madgo Realty Corp., 256 App Div 954; Luttenberger v Alpert Woodworking Corp., 252 App Div 862; Matter of Silaski [Serb Fedn. Sloga], 175 App Div 199). Such an order, which does not affect a substantial right, does not "necessarily affect" the final judgment within the meaning of CPLR 5501(a)(1) (see Posner v Post Rd. Dev. Equity, 253 AD2d 866, 867; Bradley v Earl, 112 AD2d 262, 263). Accordingly, an order directing a traverse hearing is not reviewable even on an appeal from a judgment (see Posner v Post Rd. Dev. Equity, 253 AD2d at 867; Bradley v Earl, 112 AD2d at 263).
Alternatively, the plaintiff contends, in effect, that its amended notice of appeal from the order dated February 16, 2018, "as well as all interlocutory orders encompassed therein" was sufficient to notice an appeal from the 2016 order, since the 2016 order was "encompassed" in the order appealed from dated February 16, 2018. However, by its own terms, the order appealed from was based entirely upon the evidence adduced at the traverse hearing, and did not "encompass" the 2016 order.
"CPLR 5515(1) requires that a notice of appeal designate the judgment or order, or specific part of the judgment or order, from which the appeal is taken. This requirement is jurisdictional" (City of Mount Vernon v Mount Vernon Hous. Auth., 235 AD2d 516, 516-517; see Hecht v City of New York, 60 NY2d 57, 61; Rich v Manhattan Ry. Co., 150 NY at 546; Harnden v Lentzos, 169 AD3d 1228, 1229; Matter of Long Is. Pine Barrens Socy., Inc. v Central Pine Barrens Joint Planning & Policy Commn., 113 AD3d 853, 855; Jones v Sabin 122 App Div 666, 668-669). Since the 2016 order is not even mentioned in the amended notice of appeal, this Court lacks appellate jurisdiction to review it.
Critically, the 2016 order is appealable by permission (see CPLR 5701[c]; Wells Fargo Bank, N.A. v Santos, 192 AD3d 851; U.S. Bank N.A. v Roque, 172 AD3d 948, 949-950; Shatara v Ephraim, 137 AD3d 1244, 1246; Bank of N.Y. v Segui, 120 AD3d at 1370; Serraro v Staropoli, 94 AD3d at 1084; Ross v Ross, 63 AD3d 714, 715; New Is. Invs. v Wynne, 251 AD2d 560; Leonard v Bishop, 220 AD2d 723, 724). The plaintiff did not request leave to appeal (see CPLR 5513, 5514, 5516). Moreover, the amended notice of appeal from the order dated February 16, 2018, does not mention the 2016 order, and therefore this Court may not, sua sponte, deem the amended notice of appeal as a request for leave to appeal from the 2016 order (see e.g. Nationstar Mtge., LLC v Cohen, 185 AD3d 1039; Liebling v Yankwitt, 109 AD2d 780).
The erroneous determination of my colleagues in the plurality to review the 2016 order on this appeal (1) ignores long-standing jurisprudence that an order directing a traverse hearing is appealable only upon a grant of permission, and (2) contravenes CPLR 5515 by allowing appellate review of a different order than the one specified in and attached to the notice of appeal. No [*6]statutory or constitutional authority supports such exercise of appellate review power (see Friedman v State of New York, 24 NY2d at 535; Rich v Manhattan Ry. Co., 150 NY 542; Noghrey v Town Brookhaven, 305 AD2d at 474; Gastel v Bridges, 110 AD2d at 146). Since the plaintiff did not appeal from the 2016 order, the plurality's statement that this Court's appellate jurisdiction to review the 2016 order is derived from CPLR 5501(c) is patently erroneous.
My colleagues' reliance upon Deutsche Bank Natl. Trust Co. v Jorgensen (185 AD3d 784) is misplaced. There, the plaintiff opposed the defendant's cross motion to dismiss the complaint for lack of personal jurisdiction on the ground that such motion was untimely under CPLR 3211(e). In the order directing a traverse hearing, the Supreme Court specifically held in abeyance its determination of the timeliness issue until after holding the hearing. On its appeal, the plaintiff argued that the court should have denied the defendant's motion as untimely. Under those circumstances, this Court noted that the plaintiff properly appealed from the order determining the timeliness issue, which was the order issued after the traverse hearing. The plaintiff did not contest the Supreme Court's determination to direct a traverse hearing.
In contrast, here, the plaintiff only challenges the order directing a traverse hearing, but did not appeal from that order, and does not dispute any of the determinations made in the order issued after the traverse hearing, even though it designates that order as the one appealed from.
The other cases relied upon by the plurality and concurrence (see Green Tree Servicing, LLC v Frantzeskakis, ___ AD3d ___, 2021 NY Slip Op 06675 [2d Dept]; Turner v Sideris, 187 AD3d 963; HSBC Bank USA, N.A. v Sprei, 180 AD3d 763; Mileski v MSC Indus. Direct Co., Inc., 159 AD3d 690, 691) "appear to be the product of judicial drift, as they fail to articulate any applicable legal theory, much less legal authority, to support their deviation from this Court's prior precedent" (Christiana Trust v Barua, 184 AD3d 140, 163 [Miller, J., dissenting]). Nothing in those decisions expresses any intention to overrule numerous cases cited above holding, inter alia, that an order directing a traverse hearing is appealable only upon a grant of permission, and that an appellate court lacks jurisdiction to review a different order than the one specified in the notice of appeal. None of those cases squarely address any of the appellate jurisdictional issues discussed herein, perhaps because those issues were not raised by the parties and this Court overlooked its own jurisdictional limitations. Thus, the line of outlier cases relied upon by my colleagues in the plurality and concurrence are of little precedential value (see People v Hobson, 39 NY2d 479, 490 ["a precedent is less binding if it is little more than an ipse dixit, a conclusory assertion of result"]; Mountain View Coach Lines v Storms, 102 AD2d 663, 665).
Given that this Court lacks appellate jurisdiction to review the 2016 order, the plaintiff's first contention in its brief is not properly before this Court, and provides no ground for reversal of the order appealed from.
IV. The Plaintiff's Appeal Is Academic
Assuming, arguendo, that this Court has appellate jurisdiction to review the 2016 order, I agree with the Appellate Division, First Department, that an appeal from such order must be dismissed as academic once the traverse hearing has been held and the jurisdictional issue determined (see Wells Fargo Bank, N.A. v Gore, 162 AD3d 437, 437; B.N. Realty Assoc. Lichtenstein, 21 AD3d 793, 797).[FN1]
Notably, in the First Department, an order directing a hearing may be appealable as of right when such order forces a party to submit to a lengthy and expensive hearing, and, thereby, affects a substantial right of that party (see New York State Crime Victims Bd. v Abbott, 212 AD2d 22, 28-29 [1st Dept 1995] [noting distinction between First Department and other departments]; General Elec. Co. v Rabin, 177 AD2d 354, 356-357 [1st Dept 1991]; see also CPLR 5701[a][2][v]). However, once the traverse hearing has been held, any appeal from the order directing the hearing must be dismissed as academic (see Wells Fargo Bank, N.A. v Gore, 162 AD3d at 437; B.N. Realty Assoc. Lichtenstein, 21 AD3d at 797). Indeed, the only recognized prejudice to an appellant from an erroneous determination to hold a hearing is the expense and time in having to submit to the hearing. Following that rationale, here, so much of the plaintiff's appeal as challenges the determination to hold a traverse hearing is academic.
V. There Is No Legal Basis upon Which to Exercise Personal Jurisdiction over Perla
"'It is well established that the burden of proving that personal jurisdiction was acquired rests at all times upon the plaintiff in the action'" (Federal Natl. Mtge. Assn. v Castoldi, 187 AD3d 988, 989, quoting Skyline Agency v Coppotelli, Inc., 117 AD2d 135, 139; see HSBC Bank USA, N.A. v Assouline, 177 AD3d 603, 604; Wells Fargo Bank, N.A. v Decesare, 154 AD3d 717; Bank of Am. Natl. Trust & Sav. Assn. v Herrick, 233 AD2d 351, 351). A court does not have personal jurisdiction over a defendant when a plaintiff fails to properly effectuate service of process upon him or her (see Washington Mut. Bank v Murphy, 127 AD3d 1167, 1174; Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d 896, 896-897; Krisilas v Mount Sinai Hosp., 63 AD3d 887, 889).
"A process server's affidavit of service gives rise to a presumption of proper service" (Wells Fargo Bank, NA v Tobing, 175 AD3d 745, 747 [emphasis added; internal quotation marks omitted]; see Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589). A presumption is a rule that requires courts to draw a certain inference "unless and until the truth of such inference is disproved" (John D. Lawson, The Law of Presumptive Evidence 639 [2d ed 1899]; see Black's Law Dictionary [11th ed 2019], presumption). Once sufficient evidence is submitted to negate the existence of a presumed fact, the presumption disappears (see Jerome Prince, Richardson on Evidence § 3-104 [Farrell 11th ed]; see also Fiocco v Carver, 234 NY 219; Rose v Balfe, 223 NY 481, 486-487; Potts v Pardee, 220 NY 431; Kennell v Rider, 225 App Div 391, affd 252 NY 602).
Here, the presumption of proper service created by the process server's affidavit was overcome by the evidence adduced at the traverse hearing. At the hearing, the process server testified that he had no recollection of serving the papers, and that he lost his logbook. The Supreme Court expressly discredited the process server's testimony, and, instead, credited Perla's employee's testimony that the purported service did not occur (see Sperry Assoc. Fed. Credit Union v John, 160 AD3d 1007, 1009 [plaintiff failed to meet burden at traverse hearing with testimony of process server who neither had independent recollection of events, and did not produce a logbook]). On this appeal, the plaintiff does not even challenge those credibility determinations. Thus, the presumption of proper service disappeared as a result of the facts established at the traverse hearing, and, therefore, cannot be the basis upon which the court may exercise personal jurisdiction over Perla.
Indeed, a court's exercise of personal jurisdiction over a defendant based solely upon a legal presumption that has been overcome and defeated by the facts established at a traverse hearing does not comport with minimum standards of due process (see generally World-Wide Volkswagen Corp. v Woodson, 444 US 286; Mullane v Central Hanover Bank & Trust Co., 339 US 306; John Galliano, S.A. v Stallion, Inc., 15 NY3d 75, 80; Skyline Agency v Coppotelli, Inc., 117 AD2d 135, 146).
The rule established by my colleagues in the plurality, in effect, allows personal jurisdiction to be acquired over defendants based upon affidavits of service that have been judicially determined, upon an evidentiary hearing, to have been false. Applying a legal presumption to resolve a disputed factual issue in a manner inconsistent with facts established after a hearing undermines the truth-seeking function of courts and the credibility of court determinations.
[*7]VI. The Plaintiff's Contention that the Court Should Have Granted Its Oral Request for an Extension of Time to Serve Perla Is Not Properly Before This Court
The plaintiff's second contention, that the Supreme Court should have granted its oral request, pursuant to CPLR 306-b, for an extension of time to serve Perla, is also not properly before this Court. The order appealed from made no determination on the plaintiff's oral request, and, in any event, no appeal lies as of right from an order that does not decide a motion made on notice (see id. § 5701[a][2]). Moreover, to obtain an extension of time to serve a defendant in accordance with CPLR 306-b, the plaintiff is required to serve a notice of motion (see Lee v Colley Group McMontebello, LLC, 90 AD3d 1000, 1000-1001; DeLorenzo v Gabbino Pizza Corp., 83 AD3d 992, 993; Rinaldi v Rochford, 77 AD3d 720, 720; New York State Div. of Human Rights v Oceanside Cove II Apt. Corp., 39 AD3d 608, 609).
In sum, since none of the plaintiff's arguments are properly before this Court, I vote to affirm the order.
ENTER:
Maria T. Fasulo
Clerk of the Court



Footnotes

Footnote 1:In Green Tree Servicing, LLC v Frantzeskakis (___ AD3d ___, 2021 NY Slip Op 06675), Turner v Sideris (187 AD3d 963), and HSBC Bank USA, N.A. v Sprei (180 AD3d 763), the plaintiffs appealed from orders which, after hearings to determine the validity of service of process, granted the defendants' motions to dismiss the complaints insofar as asserted against them for lack of personal jurisdiction. In all of those cases, the first issue we addressed was whether a hearing was necessary to determine whether service was validly effected (see Green Tree Servicing, LLC v Frantzeskakis, ___ AD3d ___, 2021 NY Slip Op 06675; Turner v Sideris, 187 AD3d at 963; HSBC Bank USA, N.A. v Sprei, 180 AD3d at 764). In Green Tree Servicing, LLC v Frantzeskakis (___ AD3d ___, 2021 NY Slip Op 06675), we recently held that a hearing to determine the validity of service of process was not warranted under the circumstances of that case and the Supreme Court should have denied the defendant's motion to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction without a hearing. Although Mileski v MSC Indus. Direct Co., Inc. (159 AD3d 690) involved an appeal pursuant to CPLR 5501(a) from a final judgment, in that case we held that the Supreme Court should have denied that branch of the third-party defendant's motion which was to dismiss the third-party complaint based upon improper service without conducting a hearing, and accordingly, we reversed the final judgment and denied the subject branch of the third-party defendant's motion (see Turner v Sideris, 187 AD3d at 693). As the plaintiff herein would be able to raise the issue that the evidence submitted by Perla was insufficient to warrant a hearing on an appeal from the final judgment (see CPLR 5501[a][1]; Mileski v MSC Indus. Direct Co., Inc., 159 AD3d at 691), it would be inefficient to hold that we are unable to review this issue on the instant appeal.

Footnote 1:Contrary to the plurality's analysis, Gore and Lichtenstein are consistent with each other. In Lichtenstein, the First Department expressly noted that "[the issue] concerning the traverse hearing is moot, since the traverse hearing has already been held" (B.N. Realty Assoc. v Lichtenstein, 21 AD3d at 797), which is precisely the holding in Gore. Both cases stand for the general proposition that once the ultimate jurisdictional issue has been determined, whether through a defendant's waiver (as in Lichtenstein) or a determination after a traverse hearing (as in Gore), the issue of whether a court should have directed a traverse hearing to aid in its determination is rendered academic.