Deutsche Bank Natl. Trust Co. v Nissan (2024 NY Slip Op 04373)

Deutsche Bank Natl. Trust Co. v Nissan

2024 NY Slip Op 04373

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2022-05352
2022-08807
 (Index No. 719387/19)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
v
Perla Nissan, et al., respondents, et al., defendants.

Weber Law Group LLP, Melville, NY (Janet S. Weber of counsel), for appellant.

DECISION & ORDER
In an action pursuant to RPAPL article 15 to determine claims to real property, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered June 9, 2022, and (2) an order of the same court (Joseph J. Esposito, J.) entered September 23, 2022. The order entered June 9, 2022, denied the plaintiff's motion for leave to renew (1) its opposition to those branches of the prior motion of the defendants Perla Nissan and Olympic Realty New York Incorporated, Inc., which were to dismiss the complaint insofar as asserted against them as time-barred and to cancel the notice of pendency, which had been granted in an order of the same court (Janice A. Taylor, J.) dated February 2, 2021, and (2) its prior cross-motion for leave to amend the complaint, which had been denied in the order dated February 2, 2021. The order entered September 23, 2022, denied the plaintiff's second motion for leave to renew its opposition to those branches of the prior motion of the defendants Perla Nissan and Olympic Realty New York Incorporated, Inc., which were to dismiss the complaint insofar as asserted against them as time-barred and to cancel the notice of pendency and its prior cross-motion for leave to amend the complaint.
ORDERED that the order entered June 9, 2022, is reversed, on the law, the plaintiff's motion for leave to renew its opposition to those branches of the prior motion of the defendants Perla Nissan and Olympic Realty New York Incorporated, Inc., which were to dismiss the complaint insofar as asserted against them as time-barred and to cancel the notice of pendency and the plaintiff's prior cross-motion for leave to amend the complaint is granted, upon renewal, the determinations in the order dated February 2, 2021, granting those branches of the prior motion of the defendants Perla Nissan and Olympic Realty New York Incorporated, Inc., which were to dismiss the complaint insofar as asserted against them as time-barred and to cancel the notice of pendency and denying the plaintiff's prior cross-motion for leave to amend the complaint are vacated, those branches of the prior motion are denied, and the prior cross-motion is granted; and it is further,
ORDERED that the appeal from the order entered September 23, 2022, is dismissed as academic in light of our determination on the appeal from the order entered June 9, 2022; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In 2009, OneWest Bank, FSB (hereinafter OneWest), commenced an action against [*2]the defendant Perla Nissan, among others, to foreclose a mortgage encumbering certain real property located in Queens (hereinafter the foreclosure action). In an order dated February 16, 2018, the Supreme Court granted that branch of the motion of Nissan and another defendant which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against Nissan on the ground that he was not properly served with the summons and complaint. In a decision and order dated December 29, 2021, this Court reversed the February 16, 2018 order and denied that branch of the motion (see OneWest Bank FSB v Perla, 200 AD3d 1052).
On April 27, 2020, while the appeal to this Court in the foreclosure action was pending, the plaintiff, OneWest's successor in interest, commenced this action against Nissan and the defendant Olympic Realty New York Incorporated, Inc. (hereinafter Olympic, and together with Nissan, the defendants), among others, pursuant to RPAPL article 15 to determine claims to the subject property. In an order dated February 2, 2021, the Supreme Court, inter alia, granted those branches of the defendants' motion which were to dismiss the complaint insofar as asserted against them on the ground that the action was time-barred and to cancel the notice of pendency. The court also denied, as academic, the plaintiff's cross-motion for leave to amend the complaint.
In March 2022, the plaintiff moved for leave to renew its opposition to those branches of the defendants' prior motion which were to dismiss the complaint insofar as asserted against them as time-barred and to cancel the notice of pendency and its prior cross-motion for leave to amend the complaint. In an order entered June 9, 2022, the Supreme Court denied the plaintiff's motion for leave to renew on the ground that the plaintiff's signature on a consent to change attorney form was not properly notarized, because it was notarized in Texas and was not accompanied by a certificate of conformity. In July 2022, the plaintiff then moved again for leave to renew its opposition to those branches of the defendants' prior motion which were to dismiss the complaint insofar as asserted against them as time-barred and to cancel the notice of pendency and its prior cross-motion for leave to amend the complaint. In an order entered September 23, 2022, the court denied the plaintiff's second motion for leave to renew. The plaintiff appeals from both orders.
The Supreme Court should have granted the plaintiff's first motion for leave to renew. The defect in the notarization of the plaintiff's signature on the consent to change attorney form amounted to an irregularity that the court should have disregarded, as doing so did not prejudice the defendants, who were deemed to have waived the issue by failing to timely raise it after service of the plaintiff's motion papers (see Status Gen. Dev., Inc. v 501 Broadway Partners, LLC, 163 AD3d 740, 741; Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d 45, 51-52; CPLR 2001; 2101[f]). In the interest of judicial economy, we deem it appropriate, under the circumstances of this case, to address the plaintiff's motion on the merits, rather than remitting the matter to the Supreme Court, Queens County, to do so (see Status Gen. Dev., Inc. v 501 Broadway Partners, LLC, 163 AD3d at 741).
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (Bank of N.Y. Mellon v Mor, 201 AD3d 691, 694; see U.S. Bank, N.A. v Connor, 204 AD3d 861, 862-863). The entire mortgage debt will be deemed to have been accelerated by, as relevant here, the commencement of a foreclosure action, in which the complaint seeks payment of the full outstanding loan balance (see U.S. Bank N.A. v Connor, 204 AD3d at 863).
Here, this Court's prior determination reversed the dismissal of the complaint in foreclosure action insofar as asserted against Nissan, rendering that action both timely and active (see OneWest Bank FSB v Perla, 200 AD3d 1052). The plaintiff correctly contends that this Court's prior determination represents a new fact that warrants renewal of the plaintiff's opposition to those branches of the defendants' motion which were to dismiss the complaint in this action insofar as asserted against them as time-barred and to cancel the notice of pendency, and, upon renewal, denial of those branches of the motion (see Blythewood v Renaissance Mortgage Acceptance Corp., 187 AD3d 1121; Buongiovanni v Hasin, 162 AD3d 736, 738; CPLR 2221[e]).
The Supreme Court also should have granted leave to renew the plaintiff's cross-motion for leave to amend the complaint to add new defendants and, upon renewal, granted the cross-motion. "Motions for leave to amend pleadings should be freely granted, absent prejudice or surprise directly resulting from the delay in seeking leave, unless the proposed amendment is palpably insufficient or patently devoid of merit" (Bridgehampton Natl. Bank v D & G Partners, L.P., 186 AD3d 1310, 1311; see CPLR 3025[b]). Here, the plaintiff established its entitlement to the proposed amendments, which the defendants did not oppose (see Thomsen v Suffolk County Police Dept., 50 AD3d 1015, 1017-1019).
In light of our determination, the appeal from the order entered September 23, 2022, must be dismissed as academic.
DUFFY, J.P., WOOTEN, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court